NEW-YORK,<br>May, 1818.<br><br>SEELEY<br>v.<br>BIRDSALL.

Judgment for the defendant.

---

SEELEY <i>against</i> BIRDSALL.

THIS was an action on the case against the defendant, late sheriff of the county of *Seneca*, for a false return on a writ of *fieri facias* issued out of this court, at the suit of the plaintiff against *W. I. Seeley*. The cause was tried before Mr. *J. Spencer*, at the circuit in *Cayuga* county, where the venue was laid, in *June*, 1817.

The plaintiff recovered a judgment against *W. I. Seeley* for 3,988 dollars of debt, and 14 dollars and 43 cents damages and costs. A *fieri facias* was issued thereon, to which the defendant returned, that he had sold all the goods and chattels of *W. I. Seeley* to be found in his bailiwick, and that he had made out of the same the sum of 10 dollars and 25 cents, and that he had advertised for sale all his right and title to a certain lot of land. It was proved that one of the defendant's deputies had levied on property of *W. I.*

<i>An action on the case against a sheriff for a false return, is within the provisions of the act for the more easy pleading in certain suits; (March 21, 1801. sess. 24. c. 47. s. 4. 1 N. R. L. 155.) and the plaintiff is bound to show that the cause of action arose within the county where he has laid his venue. There is a distinction between acts done colore officii, and virtute officii: in the former</i>

case, the act being of such a nature that his office gives him no authority to do it, the sheriff is not protected by the statute: but where in doing an act within the limits of his authority, he exercises his authority improperly, or abuses the confidence which the law reposes in him, these are cases to which the statute applies.

*Seeley*, to the amount of three or four hundred dollars ; that the defendant recognized the levy ; and that being requested by the plaintiff to sell, he refused, and never had sold the property levied on.

The defendant's counsel moved that the court would charge the jury to find a verdict for the defendant, because the plaintiff had not proved any act done by the defendant in the county of *Cayuga.*. The judge, however, charged the jury to find a verdict for the plaintiff, subject to the opinion of this court, and they, accordingly, found for the plaintiff.

*Sill*, for the plaintiff. The defendant claims a privilege, or exception, which is to be taken strictly. The act (1 *N. R. L.* 155.) requires the fact or cause of action to be proved to have arisen in the county where the venue is laid. What is the fact or cause of action in this case ? The return of the writ. From the nature of the act of making the return, it is impossible to prove where it was made. It is a private act, and not within the intent of the statute. If it is necessary to show where it was done, the court will intend that it was done in the county where the venue is laid. All presumption is against privilege ; and in support of justice the court will presume in favour of the plaintiff, and throw the proof of the contrary on the defendant. In *Bogert* v. *Hildreth*, (1 *Caines*, 1.) a mere transitory action was held not to be within the county. In *Storm* v. *Woods*, (11 *Johns. Rep.* 116.) which was an action for a false return against the sheriff of *Washington*, the cause was tried at *Albany*. There are numerous cases of actions for escapes, in which this objection was never made. (2 *Caines*, 46. 4 *Johns. Rep.* 45. 469.) The action for a false return is transitory, as the sheriff may make and deliver his return any where. (*Griffith* v. *Walker*, 1 *Wils. Rep.* 336.)

*Cady*, contra. The privilege granted is not for the mere personal benefit of the sheriff, but for the sake of public convenience ; as, otherwise, a sheriff might be called out of his county into every county in the state, to defend suits against him, to the great injury of the public business in-

trusted to his charge. Since the statute of 21 *James* I. ch. 12. which, except that *sheriffs* are not named in it, is similar to our act, actions against *officers*, which would otherwise be transitory, are regarded as *local.*

In *Lord* v. *Francis,* (12 *Mod.* 408. *S. P. Anon.* 515.) it was held that an action for a false return was local, and the venue might be laid either in the county where the return was made, or in that in which it appeared of record. (1 *Comyns. Dig.* 164, 165. 168. *Action.* (*N.* 8.) (*N.* 11.) ) Such was the law before the statute which has made no further change than to confine the action to the place where the act was done, instead of its being, also, laid in the place where the record is kept. The cases in this court, which have been cited were actions of debt, not actions on the case. At any rate, the venue should be laid in the county in which the sheriff resides, for there, it must be presumed, that he does all his official acts.

*Per Curiam.* An action on the case against a sheriff for a false return on an execution, is within the first section of the statute, (1 *R. L.* 155.) " for the more easy pleading in certain suits ;" and, consequently, the burthen of the proof, that the cause of action arose within the county wherein the venue is laid, is thrown on the plaintiff, and the failure to give that proof entitled the defendant to a verdict of not guilty.

The words of the statute are very plain and perspicuous. If any action upon the case be brought against any sheriff, &c. for or concerning any matter or thing by him *done, by virtue of his office,* the said action shall be laid within the county, where the trespass or fact be done and committed, and not elsewhere ; and if upon the trial, the plaintiff shall not prove that the cause of his action arose within the county wherein such action is laid, in every such case, the jury which shall try the same, shall find the defendant not guilty, &c.

The case of *Griffith* v. *Walker* (1 *Wils.* 336.) which considers an action against a sheriff for a false return as transitory, was prior to the statute rendering actions against sheriffs for acts done by virtue of their offices local. The true distinction is between an act done *colore officii,* and

CASES IN THE SUPREME COURT

*virtute officii;* in the former case the sheriff is not pro-tected by the statute, where the act is of such a nature that his office gives him no authority to do it; but where in doing an act within the limits of his authority, he exercises that authority improperly, or abuses the confidence which the law reposes in him, to such cases the statute extends.

New trial granted.