By the Court,

Cowen, J.
The condition is, that Hart shall perform and execute the office &c.; not that he shall avoid the commission of wrongs generally. The words cannot be ex *573 tended beyond nonfeasance or misfeasance in respect to acts which by law he is required to perform as sheriff. Here the sureties are sought to be fixed with the consequences of a trespass having no connection with his office, any more than an assault without a warrant of arrest. The charge of a trespass assumes that the act could not have been virtute officii. It is no more the act of a sheriff because done colore officii, than if he had been destitute of process. To allow a prosecution, would be equivalent to saying that the sureties of a sheriff are bound .for his general good behaviour as a citizen.
How it would be were the original seizure lawful, but the sheriff a trespasser ah initio by reason of subsequently abusing his authority, we are not called upon to enquire. (See per Goldthwaite, J., in The Governor v. Hancock, 2 Alaba. Rep. 730.) It is the business of the relator on moving for leave to proseecute the bond, to show us that the sheriff has been guilty of some default or misconduct in his office. (2 R. S. 390, § 1, 2d ed.) All the relator does show is, that the sheriff has been sued for a trespass which he attempted and failed to justify by virtue of o.fi.fa. For aught that appears, the act might have been a wanton or malicious wrong for which replevin or any other action would have lain against the sheriff. Applications like the present have, I presume, been uniformly denied. This was at least so of Ex parte Martin, lately moved before the chief justice, (MS. Oct. Term, 1842 ;) and I have been induced farther to consider the present case for the single reason that a different doctrine was some years ago held by the supreme court of Pennsylvania, (Carmack v. The Commonwealth, 5 Binn. 184,) and perhaps also by the court of appeals in Kentucky; (Commonwealth v. Stockton, 5 Monr. 192 ;) though, for aught that the latter case discloses, the decision might have turned on something peculiar in the words of the condition. In Carmack v. The Commonwealth, the learned judges admitted the necessity of showing that the seizure of A.’s goods by a sheriff, under a fi.fa. against B., was an omission faithfully to execute and perform the trust and duty to his office lawfully appertaining.
*574 For aught I know, other courts may, in the office of construing the words before us, have arrived at a similar conclusion. But I presume it is no where asserted that the words extend in their natural import to an act done under the mere pretence or color of authority, when there is in fact none. There being no authority, there is no office, and nothing official. This is a rule which ranges through all the gradations of legal power from the monarch to the constable. The statutes restricting venues and requiring notice before suit brought in cases of acts done by virtue of or in the execution of certain offices, have been extended to those done colore officii, upon consideration of that protection against harrassing litigation which is due to officers falling into mistakes while acting in good faith. Even that has been doubted writh us. (See Seeley v. Birdsall, 15 John. 267, 269, 270 ; but see 1 Chit. Pl. 272, Am,, ed. of 1841, Tidd's Pr. 29, 9th Bond, ed., contra.) The courts say that, unless the acts be thus extended, they would be nugatory. (Strait v. Gee, 2 Stark. R. 445,448 ; Bird v. Gunston, 2 Chit. R. 459, 461.) All this, I admit, may well be said by way of enlarging
such remedial statutes. Yet it is still going beyond the words. It is extending them by construction. The Pennsylvania statute, the Kentcky statute and our own, or the words of condition in bonds drawn up under them, might be equally extended, if the principle of the cases cited and others of a like character could be applied. It may be admitted that, so far as the bond is concerned, the respective liabilities of the sheriff and his sureties are co-extensive. I suppose they are; but neither go beyond the obligation to perform and exe- ■ cute the office well and faithfully. (1 R. S. 371, § 78, 2d ed. ) The words are significant and operative for the purpose of obliging the sheriff to act properly in all those things which come within the scope of his power and duty. In their ut-< most meaning, they import nothing beyond. Reasons of policy were urged by the judges in Carmack v. The Commonwealth, and seem to have had some influence in The Commonwealth v. Stockton. Among others, the want of a property qualification ip *575 sheriffs, the expense of the canvass for the office, their frequent poverty and ultimate insolvency. These may furnish an argument for the legislature requiring another form of security ; but they do not strike us as furnishing sufficient ground for imputing an obligation beyond what the parties have expressed. If, as supposed by Ch. J. Tilghman, the act, though illegal, was done in the execution of the sheriff’s office, we agree that the obligors would be liable. Our difficulty lies in predicating official conduct of an act for which the sheriff is held liable because he transcends the bounds of his office. A trespass is. certainly not a faithful performance of the office, or any performance at all. It is the same thing as if he should cut wood on his neighbor’s preinises to repair his fences. Where is the limit of the argument, if it be extended to any kind of acts with which his office and process have no connection 1 It seems to us that it may as well be carried to trespasses out of his county or out of the state..
The learned court of Kentucky think the condition should embrace every act for which the sheriff would be answerable if done by his bailiff. The maxim of respondeat superior has certainly been carried farther in such case than the general doctrine of principal and agent or master and servant will warrant. We have here, however, another case in which policy gives a larger effect to the power or deputation than its exact language will warrant. _No authority is given by the sheriff to commit a trespass; and yet the arrest of a stranger or a seizure of his goods colore officii is imputed to the sheriff. It cannot be, however, that this is on the ground of omission faithfully to execute and perform his office. The case goes on the admission that the wrong is a naked trespass, which it could not be if it lay in the line of official performance. The remedy for not faithfully performing is an action on the case; at any rate, not trespass for the original£,act.
The late case of The Governor v. Hancock (2 Alabama Rep, 728,) held that on words like those before ,us the obliga^ ti.on of the sureties did not extend to a fraud by the sher-
*576 iff, who, after he had attached property, induced the plaintiff to assign her judgment to him by a false representation as to the condition of the properly. Yet here would seem to have been an act coming nearer to the violation of official duty than the one under consideration.
The question is not free from difficulty; but we think that, to warrant a reco very on the words of this condition, it is incumbent on the relator to show that his demand against the sheriff is for some default in a matter transacted by him in virtue of his office, or for the omission of some act which as sheriff it was his duty to perform. This the relator would have to show on the trial. It was held in Carmack v. The Commonwealth, that the record in the suit against the sheriff would not conclude in an action on the bond; indeed, that the relator must show a good cause of action against the sheriff, independently' of the recovery against him. With us, it would seem that this recovery can be received as proving nothing beyond rem ipsam, if it be admissible at all. (See 2 R. S. 390, 2d. ed.) At any rate, we are not warranted by the statute in granting leave to prosecute the bond, unless the motion be sustained by proof of a subsisting and unsatisfied claim within the terms of the condition. This proof, we are of opinion, has not been furnished; and that the motion must therefore be denied. The denial is, however, without cqsts.
Rule accordingly,