[S. F. No. 1461. Department One.—May 5, 1900.]

J. J. RAUER, Respondent, v. DAVID FAY, Appellant.

ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL—SUFFICIENCY OF COMPLAINT AND FINDINGS.—Upon appeal from an order granting a new trial, as well as from an order denying a new trial, this court cannot consider the sufficiency either of the complaint or of the findings to support the judgment.

ID.—ERRONEOUS ORDER—INSUFFICIENT SPECIFICATIONS IN STATEMENT—TRUTH OF DEFENSES ESTABLISHED—IMMATERIALITY OF OTHER FINDINGS.—Where the plaintiff's statement on motion for a new trial does not specify the insufficiency of the evidence to sustain affirmative defenses set up in the answer which the court has found to be true, the truth of such defenses is established, and if either of them is a sufficient defense, an order granting a new trial is erroneous. In such case it is immaterial whether the court found against the evidence in favor of the denials of the answer to the allegations of the complaint.

ID.—ACTION BY ASSIGNEE OF CONTRACT FOR STREET WORK—RELEASE BY ASSIGNOR—SUFFICIENT DEFENSE UNASSAILED—ABSENCE OF DISCRETION TO GRANT NEW TRIAL.—In an action by the assignee of a contract for street work, in which a personal judgment is sought against the defendant, an answer pleading that when the contract was executed by plaintiff's assignor it was agreed that the de-

fendant should not be personally liable upon the contract, and that, as part of the contract, said assignor executed and delivered an acquittance and release of the defendant from all liability on the contract, states a sufficient defense, which, if supported by evidence, is a bar to the action. Where the sufficiency of the evidence to support such defense is not assailed by plaintiff's statement on motion for a new trial, the court has no discretion to grant a new trial.

ID.—NOTICE OF RELEASE TO ASSIGNEE.—The mere fact that the assignee was not aware of the release of the defendant when he took the assignment is immaterial. The plaintiff, as assignee, took the contract *cum onere*, subject only to the duty of the defendant to notify him of any conditions not specified in the contract itself.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion.

W. H. Chapman, for Appellant.

George D. Shadburne, for Respondent.

CHIPMAN, C.—The cause was here once before and is reported in *Rauer v. Fay,* 110 Cal. 361. The action there was to enforce a mechanic's lien for certain street work done under a contract entered into between the plaintiff's assignor and defendant. The plaintiff had judgment, which was reversed. It was held that the contract was too uncertain and indefinite to entitle it to be admitted under the allegations of the complaint, but it was suggested that "possibly had the contract been set out in the complaint, with proper averments of the intention and object of the parties, it might upon proof have been so reformed as to be available as a basis of recovery." The amended complaint sets forth the contract in its legal effect, and not by its terms, and does not ask for its reformation; it calls for a personal judgment, and the matter of lien is eliminated. At the trial defendant had judgment, and, on plaintiff's motion, the court made an order granting a new trial. Defendant appeals from the order. The trial was by the court without a jury, and it made general findings as follows: "1. That none of the allegations of plaintiff's complaint are true; 2. That all the allegations of defendant's answer are true." And as conclusion of

law therefrom: "That defendant is entitled to judgment against plaintiff for his costs," and judgment was accordingly entered.

Plaintiff in his specifications of particulars pointed out several averments of the complaint which, as is claimed, in fact were fully supported by the evidence, but which the court found to be untrue. At the former trial, when the contract was offered in evidence it was objected to, but the objection was overruled. The ruling was held to be error on appeal, for the reasons above stated, and that it should have been excluded. At the last trial the contract was admitted in evidence without objection, and witnesses were permitted, without objection, to state the work performed pursuant to the contract.

Defendant denied specifically the allegations of the complaint and pleaded, by way of a second defense, a release and full acquittance, and also a third defense based upon certain ordinances of the city which required a permit from the superintendent of streets, based upon a contract signed by three-fourths of the property owners, on the portion of the street where the work was proposed to be done. There is no specification of insufficiency of evidence to sustain the last two affirmative defenses, and appellant claims that as to these the statement must be disregarded (citing Code Civ. Proc., sec. 659); and it is contended that if either of these defenses is good the judgment should stand and the new trial should have been denied.

It is well settled that the party moving for a new trial upon a statement, for insufficiency of the evidence, must point out the particulars wherein the evidence is insufficient, and that, failing to do so, the statement relating to the alleged insufficiency must be disregarded. Upon an appeal from an order denying a new trial this court cannot consider the sufficiency of either the complaint or of the findings to support the judgment. (*Brison v. Brison*, 90 Cal. 323.) The above rules are applicable also where the appeal is from an order granting a new trial. There being no specifications of particulars relating to the evidence in support of defendant's second and third defenses, we cannot examine the statement to determine whether or not the evidence was insufficient to support them. We must assume that it was sufficient, and it follows that the only question be-

fore us is whether the judgment necessarily rested upon the findings as to the truth or falsity of the allegations of the complaint. If the cause was properly decided upon the issues raised by the special defenses, and the decision did not necessarily rest upon the allegations of the complaint, the latter became immaterial, and it is of no consequence whether the finding as to them was or was not contrary to the evidence. (*Brison v. Brison, supra; Moore v. Copp*, 119 Cal. 429; Code Civ. Proc., sec. 475.) The court found the facts as to the special defenses alleged in the answer to be true, and, as this finding cannot be attacked as the record stands, we are to determine whether the result would have been the same if the court had found the allegations of the complaint to be true. The answer alleged that simultaneously with the execution of the contract sued on "the said J. G. Duffy (plaintiff's assignor) agreed that this defendant should not be required to pay any sum of money whatever for any of said proposed work, and then and there and as a part of the said contract the said J. G. Duffy made, executed, and delivered to defendant a full acquittance from any and all liability on said contract by reason of this defendant so having signed the same, and that said contract herein referred to is the only contract ever entered into between said Duffy and this defendant."

As to the alleged release the court said in the former appeal: "The mere fact that the plaintiff was not aware of this release at the time he took an assignment of the contract is of no moment. He must be deemed to have taken such contract *cum onere*, subject only to the duty of defendant to notify him of any conditions not specified in the contract itself, such as its full execution, payment thereunder, etc." This defense was therefore sufficiently pleaded, and if supported by evidence would constitute a complete defense to the action. The court found the allegations of the answer to be true. We cannot see but that it justified the judgment in favor of defendant, even if it be admitted that the allegations of the complaint are true and were erroneously found to be untrue. With this finding before the trial court, unassailed for insufficiency of the evidence to support it, the court had no discretion to grant a new trial. A failure to specify insufficiency of the evidence is an

admission that it is sufficient.   The reason of the rule is obvious.   The trial court is entitled to have the insufficiency of the evidence pointed out in order that it may intelligently pass upon it, and in order also that the  statement may be amended, if necessary, to conform to the evidence.   And this court will not consider the statement unless such specification is made, for the reason that it can take notice only of what was first presented to the lower court.   If plaintiff had desired to challenge the findings as to defendant's special defenses, it was his duty to present specifications of  insufficiency of  the evidence to support them.   Having failed to do so, we cannot consider the evidence to see whether it does or does not support such defenses.   It is not necessary to inquire whether  the  third  defense was sufficient, as the judgment may rest upon the second defense.

It is advised that the order be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.                Harrison, J., Van Dyke, J., Garoutte, J.