[No. 23.   Third Appellate District.—June 3, 1905.]

## J. M. BURNS, Respondent, v. JACOB SCHOENFELD, DAVID ADLER, and JEFFERSON JAMES, Appellants.

APPEAL FROM NEW TRIAL ORDER—REVIEW—FINDINGS.—Upon appeal from an order denying a new trial only, the sufficiency of the findings to support the judgment cannot be considered, and the only inquiry as to the findings is whether they are supported by the evidence.

MINING—EXCAVATION BY SERVANT FOR MILL-SITE—EXTRACTION OF GOLD —TITLE OF SERVANT—RECOVERY OF VALUE.—Where it appears that a servant employed by defendants solely to excavate land, appropriated as non-mineral, for a mill-site, and that in the course of his excavation for the mill-site he discovered .gold, which was mined

by him and reduced to his possession as his own, he is entitled thereto as the first taker on public lands, and may recover the value thereof from the defendants, who forcibly took possession thereof from him.

ID.—FINDING OF TITLE SUPPORTED BY EVIDENCE—CONFLICT—CONCEALED INTENTION OF DEFENDANTS.—A finding in favor of the plaintiff's title to the gold mined is sufficiently supported where evidence of the intention of the defendants to avail themselves of any mineral found on the mill-site was concealed from the servants employed to excavate the land solely for a mill-site, and is in conflict with the physical facts and circumstances surrounding the work, and the testimony for defendants upon a former trial which tend to support the finding.

APPEAL from an order of the Superior Court of Tuolumne County denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

F. W. Street, for Appellants.

J. C. Webster, and E. W. Holland, for Respondent.

CHIPMAN, P. J.—Action to recover from defendants the value of certain gold and gold-bearing rock of which plaintiff alleges ownership and possession, and that defendants wrongfully and against his will took, carried away, and converted to their own use. The cause was tried by the court without a jury, and plaintiff had judgment for six hundred dollars, with interest from February 23, 1899, and costs.

Defendants moved for a new trial, which was denied, and they appeal from the order. There is no appeal from the judgment, and we therefore cannot consider the sufficiency of the findings to support the judgment, and can only inquire whether the findings are supported by the evidence. (*Rauer* v. *Fay*, 128 Cal. 523, [61 Pac. 90.])

It appears from the findings: That defendants are owners of a mine of which one Bleck (originally made a defendant) was general manager; that near said property, and on public lands of the United States, defendants selected a site for a quartz-mill and were engaged in grading said site for the purpose of erecting a quartz-mill thereon, and on February 23, 1899, employed plaintiff as a laborer to do grading for

them for the purpose of erecting said quartz-mill, which said grading was being done on the public land of the United States, on which defendants had made no location with a view of acquiring title under the laws of the United States: "That on said day plaintiff discovered, near the northwest corner of the excavation made in the hill, and within the outer limits of said excavation, a pocket of gold of the value of $600.00 and dug the same out and took possession thereof with the intent of appropriating it to himself; that one Clark [originally one of defendants] took said gold from plaintiff's possession, without his consent and against his will, and delivered it to said Bleck, who delivered it to defendants, who appropriated it to their own use; that plaintiff was never employed or instructed by defendants or any of them to do mining or prospecting for gold, and that his sole employment by defendants on said 23d day of February and the work he was then engaged in was that of a laborer to do grading for the purpose of erecting a quartz-mill on the public lands as above stated"; and that defendants' occupation of said grade was for the purpose of erecting a quartz-mill, and not otherwise, and the object of the excavation was to construct a quartz-mill, and for no other object or purpose; that at the times mentioned said Clark was superintending said grading for said purposes, and said Bleck was general manager of defendants' business, and neither said Clark nor said Bleck has any interest in said gold so converted.

This is the second appeal of the case. (*Burns* v. *Clark,* 133 Cal. 634, [85 Am. St. Rep. 233, 66 Pac. 12].) Substantially every principle of law now involved was decided adversely to defendants in the first appeal. Assuming that the evidence showed, as the findings on sufficient evidence now show, that plaintiff on discovery of the gold reduced it to possession with intent to appropriate it to himself, and that it was taken from him by Clark, the agent of defendants, it was held that mere occupancy of a thing, as against all except the state and the owner, is a sufficient title (Civ. Code, sec. 1006); that where things are found that have no owner they belong, as in a state of nature, to the first occupant or fortunate finder. (2 Blackstone's Commentaries, 402; 1 Blackstone's Commentaries, 295; 2 Kent's Commentaries, 356); that in the case of valuable mineral deposits the title of the first taker is confirmed

by express statutory grant (U. S. Rev. Stats., sec. 2319 (U. S. Comp. Stats. [1901], p. 1424); *Forbes* v. *Gracey,* 94 U. S. 762); that defendants' claim to the gold by virtue of their occupancy (Civ. Code, sec. 1006) in point of law could not be maintained, because they could acquire no title to mineral land by occupancy except for the purpose of mining or extracting the minerals (U. S. Rev. Stats., sec. 2319 (U. S. Comp. Stats. [1901], p. 1424); *McClintock* v. *Bryden,* 5 Cal. 97, [63 Am. Dec. 87, and note]; Lindley on Mines, secs. 216 et seq., 219; and in point of fact the evidence was, that defendants did not enter upon the land for any such purpose, but to establish a mill-site, which was permissible only on non-mineral land (U. S. Rev. Stats., sec. 2337 (U. S. Comp. Stats. [1901], p. 1436); Lindley on Mines, secs. 519 et seq.) ; that defendants did not acquire any title to the gold by virtue of plaintiff's employment under the provisions of section 1985 of the Civil Code, because defendants were engaged in excavation, not for minerals, but for the purpose of removing and throwing away the matter excavated, and the gold found by plaintiff was property without owner or intending owner, and therefore subject to his right of appropriation by occupancy, and the case comes within the same principle as that in *Bowen* v. *Sullivan,* 62 Ind. 281, [30 Am. Rep. 172, and note], where the property was found by the employee in the course of her employment; and in the similar cases of *Hamaker* v. *Blanchard,* 90 Pa. St. 377, [35 Am. Rep. 664], and *Durfee* v. *Jones,* 11 R. I. 588, [23 Am. Rep. 528].

In the course of the opinion, however, it was said: "Had the object, or one of the objects, of the excavation been to obtain the gold, any gold found by an employee would doubtless belong to his employers." Appellants contend that the uncontradicted testimony submitted at the second trial established the fact that they did enter upon the land, or at least, before the pocket of gold was found, did pursue the excavation work with the intent to appropriate any gold that might be discovered. The court found against defendants upon this point and the case may be said to hinge upon this finding. There is evidence tending to show that after the excavation work had progressed somewhat some stringers were brought to Bleck's attention containing gold and that Bleck was told by one of the owners "to watch it and appropriate it and look

out for it; look out for it and take the gold," and Bleck testified that he told Clark "to watch those stringers closely, and if anything turned up to let him know; . . . I continued these men in their employment for the purpose of grading that floor down to its proper level and incidentally to uncover more of this ledge—that was the second purpose, the uncovering of this ledge." It is not claimed that he, or any one else, so informed the men who were at work there. His testimony was out of harmony with his testimony at the former trial, at which time he testified that the purpose of the excavation was to grade a mill-site, and did not then claim that defendants had any other purpose. The testimony taken at the former trial went into all the circumstances attending the work with much particularity, but no witness hinted at any intention on the part of defendants such as they now claim was incidentally their purpose. The trial judge had all the witnesses before him, and was in a better position to weed out the improbabilities from the evidence than we are. It was said in *Sarraille* v. *Calmon*, 142 Cal. 651, [76 Pac. 497] : "We cannot put ourselves in the shoes of the judge who had the witnesses before him; we cannot say to what extent he discovered what he thought were inherent improbabilities in the statements of witnesses, nor can we say how far witnesses by their manner of testifying may have given rise to doubts of their sincerity, or may have impressed the judge with their having given a wrong coloring to material facts." We do not think the claim of defendants that the evidence as to their intention in excavating the ground in question was absolutely without conflict is maintainable. True, no witness for plaintiff could or did testify to what was passing in defendants' minds. But there were physical facts and circumstances surrounding the work which did tend to dispute the concealed intent of defendants, conceding that they had any such intent.

We think that there is evidence sufficient to support the findings.

The order is affirmed.

McLaughlin, J., and Buckles, J., concurred.