[Civ. No. 2600. Second Appellate District, Division One.—November 30, 1918.]

## B. L. CHAMBERS et al., Respondents, v. J. E. FARNHAM et al., Appellants.

NEW TRIAL—NOTICE OF MOTION — STATEMENT OF GROUNDS—INSUFFICIENCY OF EVIDENCE TO JUSTIFY DECISION.—A notice stating as one of the grounds for a motion for a new trial, "insufficiency of the evidence to justify the findings and judgment" is sufficient, since the word "findings" used in this connection is synonymous with "decision," and the word "judgment" may be disregarded as surplusage.

ID.—"TRANSCRIPT OF THE PROCEEDINGS."—A notice stating that the motion will be made on a "transcript of the proceedings" will be construed as meaning the same thing as "minutes of the court."

ID.—FINDING WITHOUT EVIDENCE—FINDING BASED ON APPEALED JUDGMENT.—Where the only evidence in support of a finding was a judgment in an action from which an appeal had been taken, the court erred in admitting the judgment in evidence and the finding was without evidence to support it.

ID.—FAILURE TO FILE STAY BOND IMMATERIAL.—The fact that in such case no bond had been given to stay execution of the judgment was immaterial.

ID.—ERRONEOUS CONCLUSION OF LAW—NO GROUND FOR NEW TRIAL.—
A finding of an erroneous conclusion of law presents no ground
for the granting of a new trial.

ID.—DECISION AGAINST LAW—FAILURE TO FIND ON MATERIAL ISSUE.—
The rule that a failure to find upon a material issue renders a
decision against law is applicable only where a finding upon such
issue might have the effect to countervail or destroy the effect of
the other findings.

ID.—FINDING OUTSIDE THE ISSUES.—The fact that the trial court
has made a finding outside the issues does not warrant the grant-
ing of a motion for a new trial.

ID.—APPEAL — SUFFICIENCY OF COMPLAINT NOT REVIEWABLE.—On ap-
peal from an order granting or denying a new trial the question
of the sufficiency of the complaint cannot be considered.

APPEAL from an order of the Superior Court of Los
Angeles County granting a new trial. John W. Shenk,
Judge. Reversed.

The facts are stated in the opinion of the court.

Barstow, Beach & Rohe for Appellants.

Drew Pruitt for Respondents.

MYERS, J., *pro tem.*—This is an appeal by defendants from
an order granting a new trial after judgment in their favor
in the court below. Plaintiffs brought this action as creditors
of the Belmore Land and Water Company, a corporation
existing under the laws of this state, to recover the amount of
their claim against said corporation from the defendants indi-
vidually by reason of an alleged violation by defendants, as
directors of said corporation, of the provisions of section 309
of the Civil Code, by dividing the capital stock of said corpo-
ration among its stockholders. Plaintiffs allege that they had
entered into a contract of lease with said corporation whereby
the latter undertook to construct certain dams and install cer-
tain headgates for the purpose of furnishing water for the
irrigation of the lands thereby leased to plaintiffs; that said
corporation, in violation of its contract, had failed to install
said headgates, to the damage of the plaintiffs in the sum of
$5,078.55, by reason of the failure of crops which plaintiffs
had planted on said lands; that plaintiffs had instituted suit

against said corporation for the recovery of said damages and recovered judgment therein, in the amount above stated, with costs, which judgment remains unpaid.

The trial court found against plaintiffs upon the allegations of breach of contract and damages resulting therefrom, but found that judgment had been recovered by them as alleged and the same remained unpaid, and that an appeal had been taken from said judgment, but no bond given to stay execution thereof. The trial court also found that pending said action the defendants had divided and distributed among themselves, in proportion to the stock held by them, all of the assets of said corporation, except one parcel of land of the value of ten thousand dollars, which parcel is still owned and held by said corporation. Thereupon judgment was entered for the defendants, and plaintiffs' motion for a new trial having been thereafter granted by the court, this appeal is prosecuted from the order granting the same.

The motion for new trial was made upon three grounds, as follows: "1. Insufficiency of the evidence to justify the findings and judgment; 2. That said findings and judgment are against law; 3. Errors in law occurring at the trial and excepted to by the plaintiffs." Appellants urge here that the specifications numbered 1 and 2 were insufficient to present any questions for review; citing *Martin* v. *Matfield,* 49 Cal. 42, to the effect that insufficiency of the evidence to justify the judgment is not ground of motion for new trial. Of course the ground specified by the statute in this connection is "insufficiency of the evidence to justify the *decision.*" We think, however, that, used in this connection, the word "findings" is substantially synonymous with "decision," and that the references to the judgment may be disregarded as surplusage.

Appellants also urge that the notice was insufficient to confer jurisdiction upon the court to grant the motion, because it recited that it "will be made upon a transcript of the proceedings had at the trial." This was prior to the 1915 amendments to the codes at a time when the law required a motion for new trial upon the grounds here involved to be made either upon a bill of exceptions or statement of the case, or the minutes of the court. In view of the policy of the law that all controversies shall, so far as practicable, be determined upon their merits, it will not be overstraining the rules of construction, we think, to construe the words "transcript of the pro-

ceedings" as meaning the same thing as "minutes of the court."

Upon the motion for new trial plaintiffs specified four findings as not being sufficiently supported by the evidence. The first is, "that the Belmore Land and Water Company is and was a corporation formed for the purpose of acquiring, holding and selling real estate, water and water rights." The articles of incorporation, which were introduced in evidence, fully support this finding and no other evidence whatever was introduced upon this question.

The second and third specifications attack the following findings: "It is not true that by reason of the failure and refusal of said company to construct said or any headgates, as proposed by the terms of said lease, plaintiffs could only irrigate about one hundred acres of the eight hundred acres of said ranch they had sowed to barley, as mentioned in plaintiffs' said complaint"; and "it is not true that by reason of the alleged breach of said contract as aforesaid, the plaintiffs sustained damages for the year 1912, or for any time, in the sum of $5,078.85, or in any sum or amount whatever." These two findings are determinative of the case, and if there is any evidence in the case which would be legally sufficient to support findings in favor of the plaintiffs upon these issues, the order granting the new trial must be affirmed under the established rule with respect to conflicting evidence. The only evidence introduced or offered under these issues consisted of the judgment-roll in the action by plaintiffs against the corporation. It may well be doubted whether that judgment was admissible for any purpose in this action as against these defendants. These defendants were neither parties nor privies of parties to that action. This action does not seek to charge defendants as stockholders or by reason of any contractual relationship with the corporation which was the judgment defendant. This action is seeking to enforce a liability created by law, wholly irrespective of any contractual relationship on the part of the persons liable.

But it is not necessary to determine here whether or not that judgment against the corporation would, if final, be admissible in evidence in this action against these individual defendants, because the trial court found that the judgment in question had, at the time it was received in evidence, been appealed from. That finding was not attacked by the motion for new

trial and is therefore conclusive upon this court. (*Rauer* v. *Fay,* 128 Cal. 523, 525, [61 Pac. 90].) Section 1049 of the Code of Civil Procedure provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." "A judgment, in order to be admissible in evidence for the purpose of proving facts therein recited, must be a final judgment in the cause, and if the action in which the judgment is rendered is still pending, necessarily the judgment is not final." (*In re Blythe,* 99 Cal. 472, 475, [34 Pac. 108]; *Naftzger* v. *Gregg,* 99 Cal. 83, [37 Am. St. Rep. 23, 33 Pac. 757].) The same rule has been uniformly applied in this state with respect to judgments which are pending upon appeal. (*Murray* v. *Green,* 64 Cal. 363, 369, [28 Pac. 118]; *Woodbury* v. *Bowman,* 13 Cal. 634; *Harris* v. *Barnhart,* 97 Cal. 546, [32 Pac. 589]; *Smith* v. *Smith,* 134 Cal. 117, 119, [66 Pac. 81]; *Purser* v. *Cady,* 120 Cal. 214, 218, [52 Pac. 489]; *Contra Costa Water Co.* v. *City of Oakland,* 165 Fed. 518.) This rule is limited in its application by the exception that such a judgment may be received in evidence in proof of facts which are merely incidentally or collaterally involved, when such facts are not directly in issue. (*Greer* v. *Greer,* 142 Cal. 519, 525, [77 Pac. 1106]; *Smith* v. *Smith,* 134 Cal. 117, [66 Pac. 81]; *Cook* v. *Rice,* 91 Cal. 664, [27 Pac. 1081].) The case at bar clearly falls within the general rule above stated, and not within the exception. The fact that no bond was given to stay execution upon the appeal here in question is immaterial. (*Di Nola* v. *Allison,* 143 Cal. 106, 112, [101 Am. St. Rep. 84, 65 L. R. A. 419, 76 Pac. 976].) The burden of proof as to these allegations was on the plaintiffs, and no competent evidence having been produced in support thereof, it is apparent that no different finding could have been made upon these issues by the trial court.

The fourth specification of insufficiency attacks the finding that "it is not true that they (the directors) wrongfully made a division of the capital stock of the Belmore Land and Water Company of the value of about $175,000 among the stockholders, or that they placed said property beyond the reach of its creditors or plaintiffs." No such finding was made by the trial court. The trial court did find the facts respecting the division of the capital stock among the stockholders, and

then added thereto the following paragraph: "It is not true that they wrongfully made said division, or that they placed said property beyond the reach of the plaintiffs." This latter is obviously not a finding of fact, but a pure conclusion of law drawn by the trial court from the facts found; and this, even though it were erroneous, presents no legal ground for the granting of a new trial. (*Estate of Keating*, 162 Cal. 406, 412, [122 Pac. 1079]; *Swift* v. *Occidental Mining Co.*, 141 Cal. 161, 167, [74 Pac. 700].)

Eight specifications were made of particulars wherein the decision of the court was alleged to be against law. Specifications Nos. 1, 2 and 5 are directed at the failure of the court to find "that said corporation was engaged in the business of acquiring, holding and selling real estate, water, or water rights"; "that any of the assets or capital stock . . . consisted of water or water rights, or of land with water rights appurtenant thereto"; "that said division of assets of said corporation to its stockholders made by said directors, was made with the consent of the stockholders representing two-thirds of the capital stock thereof." It suffices to say that no issues were framed by the pleadings to which such findings would be relevant, and no evidence was introduced or offered by either of the parties relevant thereto. Specifications Nos. 3 and 4 are directed at the failure of the trial court to make "any finding of fact that could exempt the defendant directors under section 309 of the Civil Code from liability," etc.; and "any finding tending to show that the assets of said corporation divided among its stockholders by the defendant directors remained subject to the payment of the debts or liability of said corporation." It is obvious that such findings, if made, would not be findings of fact, but conclusions of law. Furthermore, if findings had been made favorable to the plaintiffs in these particulars, they would have been rendered immaterial by reason of the other findings necessarily made from which it resulted that plaintiffs here have failed to establish their status as creditors of the corporation. The rule that a failure to find upon material issues renders a decision against law, is applicable only where a finding upon such issues might have the effect to countervail or destroy the effect of the other findings. (*Brison* v. *Brison*, 90 Cal. 323, 328, [27 Pac. 186]; *Moore* v. *Copp*, 119 Cal. 429, 436, [51 Pac. 630]; *Rauer* v. *Fay*, 128 Cal. 523, [61 Pac. 90].)

Specification No. 6 is: "There was no pleading on the part of defendants authorizing and no issue made in said cause upon which to base a finding of the court that 'the Belmore Land and Water Company was a corporation formed for the purpose of acquiring, holding and selling real estate, water and water rights.' " This is true, but "the fact that the trial court has made a finding outside the issues does not warrant the granting of a motion for a new trial. (*Power* v. *Fairbanks,* 146 Cal. 611, 614, [80 Pac. 1075].)

Specifications Nos. 7 and 8 are as follows: "The findings of fact made by the court are wholly insufficient to support the conclusion of law made by the court, 'that the defendants are entitled to the judgment of the court that plaintiffs take nothing by this action,' " and "the judgment rendered by the court in favor of the defendants is wholly unsupported by and in conflict with the findings of fact." As we have already seen, these specifications do not present any legal ground for the granting of a new trial. (*Swift* v. *Occidental Mining Co.,* 141 Cal. 161, [74 Pac. 700].)

There are three specifications of alleged errors in law occurring at the trial which are directed to three rulings of the court upon the admission of testimony, the result of which was to permit one of the defendants to testify that in making the division of the corporate assets there was no purpose or intention of defrauding plaintiffs or other creditors. Obviously there was no question of fraud or fraudulent intent involved in this action, and conceding these rulings to have been erroneous, nevertheless they could not possibly have been prejudicial to the plaintiffs herein.

Much space has been devoted in the briefs to a discussion of the question whether or not the complaint herein states facts sufficient to constitute a cause of action. But where the appeal is from an order granting or denying a new trial, this court cannot consider that question. (*Rauer* v. *Fay,* 128 Cal. 523, 525, [61 Pac. 90]; *Brison* v. *Brison,* 90 Cal. 323, 327, [27 Pac. 186].) That question can be reviewed only upon an appeal from the judgment.

We are not unmindful of the fact that "it is only in rare instances and upon very strong grounds that an appellate court will set aside an order granting a new trial"; nevertheless, where, as here, upon consideration of each of the grounds specified on the motion for new trial, outside of which neither

the trial court nor the reviewing court may go, it clearly appears that no legal ground existed for setting aside the judgment, the order granting a new trial will be reversed.

It is so ordered.

Conrey, P. J., and James, J., concurred.