[Civ. No. 2601.  Second Appellate District, Division One.—December 20, 1918.]

## MERCHANTS AND INSURERS' REPORTING COMPANY (a Corporation), Respondent, v. HUGO SCHROEDER et al., Appellants.

APPEAL—ORDER GRANTING NEW TRIAL—SUFFICIENCY OF COMPLAINT.— On appeal from an order granting a new trial, the appellants' contention that a demurrer to the complaint, for failure to state facts sufficient to constitute a cause of action, should have been sustained, cannot be considered.

CORPORATIONS—DIVIDENDS DECLARED OUT OF CAPITAL—DIRECTORS' LIABILITY.—The entire proceeds of sales by a corporation of its own stock, even when sold for more than par value, are part of its original assets or capital stock and are not profits earned through the conduct of its business, and under section 309 of the Civil Code the directors are personally liable for dividends declared out of such proceeds.

ID.—"CAPITAL STOCK" DEFINED.—The phrase "capital stock" as used in section 309 of the Civil Code means not the shares of which the nominal capital stock is composed but the actual capital, i. e., assets, with which the corporation carries on its corporate business.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.  Stanley A. Smith, Judge Presiding.  Affirmed.

The facts are stated in the opinion of the court.

Henry W. Nisbet and Harriman, Ryckman & Tuttle for Appellants.

Slosson & Mitchell and Leonard B. Slosson for Respondent.

CONREY, P. J.—The plaintiff is a corporation organized and existing under the laws of the state of California. It was charged by the complaint in this action that during the years 1911 and 1912, while the defendants were members of the board of directors of the plaintiff, and with the knowledge and consent of the defendants, the said board of directors declared and paid to the stockholders of the corporation eight quarterly dividends, amounting in all to the sum of thirty-four thousand dollars; that said dividends were not made from the surplus profits arising from the business of the corporation, but were paid out of the proceeds of the sale of its capital stock; that the corporation has never at any time during its existence engaged in any business from which it derived a profit, and that it did not have, during said years of 1911 and 1912, a surplus on hand out of which to pay dividends. Judgment was demanded against the defendants, and each of them, for the amount of dividends so paid. The liability sought to be imposed upon the defendants arises from the provisions of section 309 of the Civil Code. According to that section, where directors of a corporation are guilty of the acts there denounced, they are jointly and severally liable to the corporation "to the full amount of the capital stock so divided, withdrawn, paid out, or reduced, . . . "

At the trial of this action, the court made findings that the dividends were declared in a sum stated, which was slightly less than the aggregate amount named in the complaint, of which a stated amount was paid in cash and the remainder was credited to certain stockholders upon interest due and unpaid by them upon promissory notes given by them to the corporation as the purchase price of their stock; that the dividends paid in cash were paid from the surplus profits arising from the business of the corporation, and that no dividend declared or paid was paid out of the capital stock of the corporation. The court found, also, that the plaintiff, down to the close of the year 1912, engaged in business and that it did,

during the years 1911 and 1912, have a surplus in its treasury out of which to pay dividends; that the capital stock of the plaintiff was not impaired, nor were its assets dissipated by the payment of said dividends. . Judgment was entered in favor of the defendants. Thereafter the plaintiff moved for a new trial, which motion was granted. The defendants appeal from the order granting the motion for a new trial.

The contention presented on behalf of appellants to the effect that their demurrer to the plaintiff's complaint should have been sustained for want of a sufficient statement of facts cannot be considered on this appeal, this being an appeal from an order granting a new trial. (*Rauer* v. *Fay*, 128 Cal. 523, [61 Pac. 90].)

The facts concerning the income and expenses of the corporation appear, without conflict, from the evidence. Prior to June, 1910, the corporation had no income except from sales of shares of stock; during that time it expended $30,429.91, of which $3,658.09 was for general expenses, and the remainder was paid out as commissions for sales of stock. Between June 1, 1910, and December 31, 1912, the sales of capital stock amounted to $128,169.17, of which "only a part" was received in cash. During the period last named, the corporation also received on account of interest on its investments, on its promissory notes and on its bank deposits, the sum of $5,971.98; paid out for office expenses $4,117.68, and as commissions on sales of stock the sum of $32,782.47. Without further detail of items shown, suffice it to say that the corporation never had any surplus profits out of which any dividends could have been paid, unless the moneys received as "premiums" above the par value of stock sold might be segregated from the assets of the corporation and treated as profits of its business.

We are satisfied that the entire proceeds of sales by a corporation of its own stock, even when sold for more than par value, are part of its original assets or capital stock, and therefore cannot be profits earned through the conduct of its business. The phrase "capital stock," as used in section 309 of the Civil Code, means "not the shares of which the nominal capital is composed, but the actual capital, i. e., assets, with which the corporation carries on its corporate business." (*Schulte* v. *Boulevard Gardens Land Co.*, 164 Cal. 464, 468, [Ann. Cas. 1914B, 1013, 44 L. R. A. (N. S.) 156, 129 Pac.

582].)   The sole purpose of selling stock is to acquire assets with which to carry on that business.   This is equally true, whether the stock be sold at par, or below par, or above par. The capital stock referred to in said section 309 ''is the actual property of the corporation contributed by the shareholders.'' (*Tapscott* v. *Mexican Colorado etc. Co.*, 153 Cal. 664, [96 Pac. 271] ; *Excelsior etc. Co.* v. *Pierce*, 90 Cal. 131, 140, [27 Pac. 44].)   It is, in brief, the ''capital'' of the corporation.

The conclusion necessarily follows, that the evidence was insufficient to sustain the findings of the court.

The order granting a new trial is affirmed.

James, J., and Myers, J., *pro tem.*, concurred.