No. 2,249.

NOAH FELCH, RESPONDENT, *v.* PRUDENT BEAUDRY, APPELLANT.

PRACTICE.—JUDGMENT ON THE PLEADINGS.—If the complaint be sufficient, judgment may be rendered on the pleadings where the answer expressly admits the material facts stated in the complaint, or leaves them undenied, or merely sets up new matter in defence which is found substantially insufficient to debar or defeat the action.

IDEM.—The ground upon which a motion made by plaintiff for judgment on the pleadings proceeds in any case, is that his complaint is sufficient to warrant it, and that the answer presents nothing, either by way of denial or of new matter, to bar or defeat the action.

IDEM.—MOTION TO FILE AMENDED ANSWER.—Where a motion is made by the plaintiff for judgment on the pleadings, if the defendant intends to abandon his answer and substitute another one in its stead, he must make his application for leave before judgment is ordered; if he wait till after that time a denial of the application involves no abuse of the discretion of the Court.

IDEM.—PLEADING.—FRIVOLOUS DEFENCE.—A defence by the payer of a note, that the plaintiff is not the lawful owner or holder of the instrument sued on, when upon its face it runs to him, and which discloses no issuable fact to support it is merely frivolous.

IDEM.—PLEADING.—CONSIDERATION OF NOTE.—SEPARATE PROPERTY OF WIFE. Where the payer of a note is not the trustee of the wife-of the payee nor charged with the care of her estate, it is no defence in an action to recover on the note, that the consideration mentioned therein was a conveyance of the separate property of the wife, and that her husband was endeavoring to defraud her out of it by recovering for himself in such action.

IDEM.-PLEADING.-PAYMENT TO WIFE OF PAYEE.-Where as a separate defence, and disconnected with any averment that the money was her separate property, it is averred that before the commencement of the action defendant had fully paid and discharged the note by payment thereof to the wife of the payee, the averment is as insufficient to bar the action, as a plea that the defendant had paid the money to any other stranger who had no authority to receive it.

IDEM.—PLEADING.—PENDENCY OF ANOTHER SUIT FOR SAME CAUSE OF ACTION. Where the pendency of another suit is pleaded in bar of an action, the same person must-appear to be the plaintiff in both actions.

*Per* CROCKETT, J.:

PRACTICE.—JUDGMENT ON THE PLEADINGS.—MOTION TO FILE AMENDED ANSWER.—Where the original answer presents no defence, and judgment is rendered on the pleadings on motion of the plaintiff, it is an abuse of its discretion for the Court to refuse leave to the defendant to file a sufficient amended answer.

APPEAL from the District Court of the Seventeenth District, Los Angeles County.

Action brought to recover a sum of money claimed to be due plaintiff upon a certain contract. Plaintiff demurred to the answer, and the demurrer was overruled. He then moved the Court for judgment on the pleadings which motion was sustained, and judgment ordered accordingly. Defendant then moved the Court for leave to file an amended answer. The motion was denied, as was also a motion to set aside the judgment. This appeal is taken from the judgment and from the said orders.

The other facts are stated in the opinion.

*Glassell, Chapman & Smith,* for Appellant.

*First*—Our practice knows no such motion as that for

judgment on the pleadings. *( Wedderspoon* v. *Rogers,* 32 Cal. 570; *Gay* v. *Winter,* 34 Id. 161.)

The order of the Court in any event should have been to strike out the answer, and for judgment, if defendant failed to file an amended answer. (Pr. Act, Secs. 50, 68; 32 Cal. *(supra);* 34 Cal. *(supra); N.* Y. Code, Sec. 152; *People* v. *McCumber,* 18 N. Y. 320.)

*Second*—The practice is universal to give leave to amend after demurrer sustained. *(Smith* v. *Yreka W. Co.* 14 Cal. 201; *Gallagher* v. *Delaney,* 10 Id. 410; *Lord* v. *Hopkins,* 30 Id. 76; Pr. Act, Sec. 68; *Russel* v. *Clapp,* 7 Barb. 482; *Bently* v. *Jones,* 4 How. Pr. 202.)

We should have been permitted to file our amended answer. *(Kierstein* v. *Madden,* July Term, 1869.)

*Third*—The principle that where property is purchased in the name of one, and the consideration advanced by another, applies as well to personal property, choses in action, etc, as to real property. (2 Story's Eq. Sec. 1201; Adams, Eq. pp. 155-6 [33, 34]. So where the husband purchases with the wife's separate property. (Adams Eq. Id.)

*Fourth*—The party advancing the consideration is entitled to the benefit. Felch was a mere naked trustee for his wife. *(Schneider* v. *Webb,* 3 Cal. 83; *Selour* v. *Russian Am. Co.,* 7 Id. 274; *George* v. *Ransom,* 15 Cal. 322; *Spear* v. *Ward,* 20 Id. 674; *Mahone* v. *Grinshan,* 20 Id. 176; *M. E. Church* v. *Jacques,* 1 John Ch. 450; *Lewis* v. *Johns,* 24 Id. 98, 102-3; *Dickinson* v. *Owens,* 11 Cal. 73; *Dow* v. *Gould & Curry S. M. Co.,* 31 Id. 643; *Ingolsby* v. *Juan,* 12 Id. 576; 2 Story's Eq. Sec. 1196; Hill on Trustees, 49; and other numerous authorities.)

*Fifth*—If the note does not belong to Mrs. Felch, then it is void on grounds of public policy. (2 Kent's Com. 597 601, 637.)

*A. Brunson, R. M. Widney,* and *E. J. C. Kewen,* for Respondent.

*First*—A verdict on the pleadings was ordered in *Corwin* v. *Patch,* (4 Cal. 204.) Appellant did not, except to the rul-

ing on the motion for judgment. (*Turner* v. *Tuolumne C. W. Co.* 25 Cal. 434; *McCarthy* v. *Fitz Henry*, 16 Cal. 186; *Quivey* v. *Gambert*, 32 Cal. 304.) It is too late to make the exception on appeal for the first time. (*Morgan* v. *Hugg*, 5 Cal. 409; *Collier* v. *Corbett*, 15 Cal. 183; *McCarthy* v. *Fitz Henry*, (*supra*).

*Second*—Appellant cannot complain on appeal that the terms of the judgment did not permit him to amend, when before judgment he made no such offer. (*Smith* v. *Yreka W. Co.*, 14 Cal. 201.) This Court will only interfere where there is an abuse of the discretionary power of the Court. (*Gilland* v. *Hutchinson*, 16 Cal. 153; *Thornton* v. *Borland*, 12 Cal. 438.)

*Third*—The answer was insufficient, not being specific in its denials. (Pr. Act. Sec. 46.) A note payable to a married woman is in law the note of her husband. (*Savage* v. *King*, 17 Me. 301.)

*Fourth*—The denial that plaintiff is the lawful holder or owner of the note, is but a legal conclusion. (*Poorman* v. *Mills*, 35 Cal. 118; *Wedderspoon* v. *Rogers*, 32 Cal. 569.) The consideration was good and sufficient for the note. (*Haigh* v. *Brooks*, 36 Eng. Com. Law, 185; *Miller* v. *Drake*, 1 Cal. 45; Chitty on Contracts, 29; *Stebbins* v. *Smith*, 4 Pick. 97; *Smith* v. *Weed*, 20 Wend. 184; *Hinman* v. *Moulton*, 14 Johns. 466; *Whitbeck* v. *Whitbeck*, 9 Cow. 266).

*Fifth*—The averment that the note is the separate property of the wife is no defence. (*Wedderspoon* v. *Rogers*, (*supra*.) *Poorman* v. *Mills*, (*supra*.)

Payment to a married woman of a sum due on a note to her will not discharge the party making it, unless it was authorized by the husband. (1 Pars. on Notes and Bills, 89; *Barlow* v. *Bishop*, 1 East, 432; *Solomon* v. *Dawes*, 1 Esp. 83; *Sawyer* v. *Cutting*, 23 Vt. 486; *Offly* v. *Clay*, 2 Scott, N. R. 372; Hittell's General Laws, Sec. 3,568; *Tryson* v. *Sutton*, 13 Cal. 490; *Van Maren* v. *Johnson*, 15 Cal. 310.)

*Sixth*—As a plea in bar of recovery, the defence of the pendency of another action is not available, unless the

causes of action, and the plaintiffs, at least, are in both actions the same. (*Ayres* v. *Bensley*, 32 Cal. 630; *Calaveras Co.* v. *Brockway*, 30 Cal. 325.)

*Seventh*—The application to amend came too late. It is not an absolute right; (*Covillaud* v. *Tanner*, 7 Cal. 38.) After a verdict for plaintiff, defendant cannot take advantage of his own mispleading to defeat the suit. (*Coon* v. *Whitmore*, 12 Johns. 353.)

*Eighth*—The application to set aside the judgment, etc., rested in the sound discretion of the Court below; unless it is shown to have been abused, this Court should not interfere. (*Mulholland* v. *Heyneman*, 19 Cal. 605; *Woodward* v. *Backus*, 20 Cal. 137; *Nooney* v. *Mahoney*, 30 Cal. 226.)

WALLACE, J., delivered the opinion of the Court. RHODES, C. J., and TEMPLE, J., concurring:

The plaintiff obtained judgment on the pleadings in the Court below.

It is objected here that the practice prevailing in our Courts does not permit a judgment to be entered on the pleadings. If a complaint be itself sufficient, there is no question that the plaintiff may apply for judgment on the pleadings, if the defendant has filed an answer which expressly admits the material facts stated in the complaint; and so when the answer filed leaves all the material allegations of the complaint undenied; this practice is constantly pursued, when denials in verified answers are literal merely, or conjunctive, evasive, or the like. If this be the practice as to answers which insufficiently deny the plaintiff's allegations, why should not answers, which merely set up new matter in defence, if found substantially insufficient, be subjected to the same practice? The ground upon which a motion, made by plaintiff for judgment on the pleadings, proceeds in any case, is that his complaint is sufficient to warrant it, and that the answer presents nothing, either by way or denial or of new matter, to bar or defeat the action.

The complaint sets forth the instrument upon which the action is brought, in the words and figures following:

[$2,000]                    Los Angeles, (Cal.), April 18, 1868.

Thirty days after date, I promise to pay Noah Felch the sum of two thousand ($2,000) dollars in gold coin of the United States of America, without interest, on condition that the said Noah and Maria Antonia G. de Dominguez de Felch, the wife of said Noah, duly execute, sign, seal and deliver to the subscriber and John G. Downey, a good and valid deed, of even date with these presents, of certain lands, being a part of the Rancho San Pedro (more particularly described in said deed, in which the subscribed and said John G. Downey are parties of the second part, and said Noah and wife are parties of the first part).

(Signed)                                        P. BEAUDRY.

It is alleged in the complaint that Felch and wife made and delivered to Beaudry and Downey the deed of conveyance in this instrument mentioned, and fulfilled all the conditions therein set forth upon their part. The answer sets out with a denial that Felch is the lawful owner or holder of the instrument which is sued on, and, as is seen, runs to him upon its face.

As we said in the recent case of *Frost* v. *Harford*, a defence in this form, and which discloses no issuable fact to support it, is merely frivolous.

It is next alleged that the consideration of this express agreement on the part of Beaudry to pay Felch was a conveyance of the separate property of the wife of the latter to Beaudry and Downey, and that Felch is endeavoring to defraud her out of it by recovering it for himself in this action. But this, if true, does not concern the defendant Beaudry in anywise—he is not the trustee of the wife of Felch, nor charged with the duty of protecting her property from injuries committed, or about to be committed, by her husband.

It is next averred that the defendant, before the commencement of the action, had fully paid and discharged the note by payment thereof to the wife of Felch. This is a separate defence and disconnected with any averment that

this money was her separate property, and, in that respect, is insufficient to bar the action, as would have been a plea that the defendant had paid the money to any other stranger who had no authority to receive it.    But even had it been averred in this connection, and as a part of this separate defence, that the money belonged to her separate estate, it would have availed nothing, because the defendant has no interest or concern in that question.

The answer then avers that the "wife" of Felch, before the commencement of this suit, commenced an action against him to obtain a divorce, and that she alleges in her complaint in that action that the money mentioned in the agreement set out in the complaint here is her separate property; and the answer also avers that Beaudry, the defendant here, is a defendant in that action in respect to the obligation here sued on, and that the divorce suit is yet pending; and pleads its pendency "in bar of recovery in this suit;" and avers that the purpose of Felch in bringing this action is to defraud his wife, and alleges that Felch is insolvent.

The plea that the divorce suit is pending is insufficient to bar the action here.    It is indispensable to such a plea that the same person should appear to be the plaintiff in both actions.    In the suit for divorce the wife of Felch is the plaintiff; in this action Felch himself is the plaintiff.    This is fatal to the plea.

We are of opinion that the answer discloses no defence whatever to the action, and the Court below did not err in granting the motion for judgment.

After judgment had been rendered the defendant applied to the Court below for leave to amend his answer.    The application was denied, and we cannot say, under the circumstances, that its denial involved any abuse of the discretion of the Court.

The motion for judgment was made August 14th.    That motion must then, at all events, have apprised the defendant of the defects alleged to exist in his answer, if he was not aware of them before.    He made no application then,

nor at any time afterwards during the entire week which intervened between the hearing of the motion and the order that judgment be entered.

If he intended to abandon his answer and substitute another one in its stead, he should have made his application before judgment was ordered; at least if he wait till after that time we will not disturb the order of the Court below refusing him leave to amend.

Judgment and order affirmed.

By CROCKETT, J.:

I concur with Justice WALLACE in the opinion that the original answer presented no defence to the action for the reasons stated by him. But, under the circumstances of this case, if the defendant had offered to file an amended answer, containing a valid defence on the merits, I think it would have been an abuse of its discretion if the Court had refused leave to file it. The amended answer, however, which the defendant offered to file was no better than the original. It is clear that either the plaintiff or his wife was entitled to payment from the defendant, and if the defendant, for his own protection, desired to have an adjudication of this point, his only proper course was to file a bill of interpleader against the husband and wife to enable the Court to decide, with all the parties before it, which of them was entitled to the fund. But, aside from the mere form of the proceeding, it appears from the answer that the defendant and Downey refused to purchase the land unless the husband would unite in the deed, and, as a consideration to do so, it was mutually agreed that the defendant would pay to him the sum of $2,000. If this money was equitably due to the wife instead of the husband, as between themselves, this is a matter which does not concern the defendant. It is his duty to pay it to the plaintiff, to whom he promised to pay it, unless there was danger that the wife would compel him to pay it a second time; and in that event his only remedy was to bring the money into Court, and, by appropriate proceedings, compel the

parties to interplead as to their respective rights to the fund.

I concur in the judgment.

SPRAGUE, J., expressed no opinion.