[No. 7,232.—In Bank.]

## A. MONTGOMERY *v.* J. T. HARRINGTON.

PENDENCY OF FORMER ACTION—CONTRACT—CONDITION PRECEDENT—VENDOR AND VENDEE.—H., having purchased lands from the United States at private entry, with money furnished by M., under an agreement that the two should bear equally the expenses and be equally interested in the land, conveyed the lands to M., and at the same time a contract was executed, by which M. agreed to reconvey to H. an undivided half of the land, upon the repayment by the latter of one half of the purchase money and expenses—which amount H. agreed to pay on or before the expiration of two years from date; but afterwards the certificates of purchase of the lands were canceled by the Commissioner of the Land Office. After the expiration of the time for payment, M. brought an action against H. to recover the amount due under this contract, and afterwards—the first action still pending—brought this action for the same purpose—the complaint containing the allegation (in addition to the allegations of the former complaint), that the plaintiff had—subsequently to the commencement of that action—tendered to the defendant the deed of reconveyance provided for in the contract.

*Held,* That the allegation in respect to the tender of a deed was wholly immaterial, and that the defendant was entitled to judgment upon his plea of a former suit pending.

APPEAL from a judgment for the plaintiff in the Tenth District Court, County of Colusa, KEYSER, J.; and from an order denying a new trial in the Superior Court for said county. HATCH, J.

The complaint states that the plaintiff and defendant made an agreement as follows:

"This agreement, made this 14th day of March, 1877, between A. Montgomery, of Colusa County, State of California, the party of the first part, and John T. Harrington, of said county and State, the party of the second part;

"Witnesseth, that whereas the said party of the second part has made a good and sufficient deed of bargain and sale to the hereinafter described lands, to the said party of the first part, all of which were purchased at private entry from the Government of the United States by the said party of the second part, the money therefor having been furnished by the said party of the first part; and whereas, it was understood at the time of said purchase, and is now the understanding of said parties, that they shall bear the burdens of said purchase, and the expenses attending the same equally, and own and hold the land equally and jointly; and whereas, the said party of the first part has paid all the money for the purchase of said lands;

"Now, therefore, in consideration of the premises and the making and delivery of said deed as aforesaid, the said party of the first part hereby agrees and binds himself to re-deed to said party of the second part the one undivided half of the said hereinafter described lands, or so much thereof as may be unsold at such time as the said party of the second part shall pay to the said party of the first part the sum of three thousand nine hundred and fifty-three dollars and fifty-nine cents, in United States gold coin, with interest thereon at one and a quarter per cent. per month, the interest payable every three months, or to compound, the same being the one half of the purchase price of the said hereinafter described lands, and the one half of the expenses attending the same.

"And it is understood that the said party of the first part may make sales of said hereinafter described lands at any time he may see fit; and when such sales are made, one half of the proceeds thereof shall be applied to the payment of the above sum so owing by the said party of the second part; and if, at any time, sufficient sales shall be made to discharge said sum, then the said party of the first part will deed to the said party of the second part the one undivided half of the remainder of said lands unsold.

"But it is understood that the whole of said sum shall be

paid and discharged within two years from this date; or before, if said party of the second part desires. And it is agreed by said party of the second part that when such time shall come he will pay said sum, or whatever part there remains due and unpaid, and take his deed as aforesaid. And it is understood that the said party of the second part will be held to pay and discharge one half of the taxes to be paid upon said lands, and the one half of what other expenses are necessary in the management and sale of the same; and such payments shall be made as mentioned above.

" The lands so mentioned and referred to herein are situate in the County of Tehama, State of California, and described as follows, to wit: The east half of northeast quarter and north half of northwest quarter of section two, southeast quarter of southeast quarter of section four, northeast quarter of northeast quarter and southeast quarter of section eight, the whole of section ten, east half of northwest quarter and southwest quarter of section twenty-two, northwest quarter and north half of southwest quarter of section twenty-four, north half of southeast quarter and north half of southwest quarter of section twenty-six, east half of northeast quarter, east half of southeast quarter and north half of southwest quarter of section twenty-eight, northwest quarter of northwest quarter of section thirty-two, southwest quarter of northwest quarter, northwest quarter of southwest quarter and southeast quarter of southwest quarter of section thirty-four, in township twenty-three north, range four west. Also, the fractional northwest quarter, northeast quarter of northeast quarter and south half of southeast quarter of section thirty, west half of northwest quarter and southeast quarter of section thirty-two, in township twenty-four north, range three west; and the north half of northwest quarter of section four, north half of northwest quarter of section six, the southeast quarter of southeast quarter of section eight, south half of northwest quarter, north half of southwest quarter and north half of southeast quarter of section fourteen, north half of northeast quarter of section twenty, southwest quarter of southeast quarter of section twenty-two, and the northwest quarter of southeast quarter of section thirty-four,

in township twenty-four north, range four west—all of Mount Diablo meridian.

"In witness whereof the said parties have hereunto set their hands, the day and year first above written.

A. MONTGOMERY,
JOHN T. HARRINGTON.

"The north half of southwest quarter of section eight, in township twenty-two north, range three west, was intended to be included in the above agreement and deed referred to therein, but was left out by mistake. It is understood, however, that it shall be governed by the same terms and conditions as the lands mentioned in said agreement and deed.

JOHN T. HARRINGTON.
A. MONTGOMERY."

The complaint then alleges that on the 31st day of July, 1879, the plaintiff executed and tendered to the defendant a sufficient deed conveying one undivided half of his right, title, and interest in said lands, and conveying all the estate previously acquired by the plaintiff, and demanded payment of the sum of seven hundred dollars and seventy-three cents, being the amount remaining unpaid on said agreement. And judgment is prayed for said sum.

The defendant pleaded the pendency of a former action for the same cause.

It appeared on the trial that entries had been made of the lands mentioned in the complaint, but that the entries had afterwards been canceled in the General Land Office; and that at the time that the plaintiff tendered his deed he had no interest or title in the lands.

It also appeared that prior to the commencement of this action, and prior to the tender of said deed, the plaintiff brought, and there was still pending, an action against the defendant, setting up the same facts except the tender of the deed.

The plaintiff had judgment, and the defendant appealed.

*P. Van Clief,* for Appellant.

*Goad, Albery & Goad,* and *Richard Bayne,* for Respondent.

SHARPSTEIN, J.

If the delivery or tender of a deed by the plaintiff to the defendant of land to which the plaintiff had no right, title, or claim, either in law or equity, was not a condition precedent to his right to maintain this action, the pendency of another suit between the same parties for the same cause of action was well pleaded and proven by the defendant. If the plaintiff's right of action had depended upon his delivery or tender to the defendant of a deed of the land described in the complaint, the fact of the plaintiff's having no right, title, or claim to the land either in law or equity would have rendered such delivery or tender wholly ineffectual. A deed in form which conveyed no title or interest whatever in the land was utterly void, and of less value than a sheet of blank paper. The allegation therefore in respect to the delivery or tender of a deed was wholly immaterial, and being so the complaint in the latter action is essentially the same as that in the former action. If the evidence is sufficient to support the judgment in the present action, it would have authorized a judgment for the plaintiff in the former action; and that is the test for determining whether the cause of action is the same in both cases. (*Taylor* v. *Castle,* 42 Cal. 367.)

The defendant was entitled to a judgment in his favor upon his plea of a former suit pending for the same cause of action.

Judgment and order reversed.

ROSS, J., MCKINSTRY, J., THORNTON, J., and MORRISON, C. J., concurred.