[No. 9,662. In Bank. — September 2, 1884.]

E. M. ROSE, Petitioner, v. SUPERIOR COURT OF NEVADA COUNTY, Respondent.

Practice — Continuance. — In an action to recover lands claimed under a patent from the United States, where the defense is fraud in procuring the patent, it is not error to continue the trial for a reasonable time until the determination of a suit pending in a federal court to set aside the patent on the ground of fraud.

Application for a mandamus to compel a Superior Court to proceed with the hearing of a cause.

*Charles W. Kitts*, for Petitioner.

*Walling & Gaylord*, for Respondent.

Myrick, J. — This is an application for a writ of mandate commanding the Superior Court to set down a case for trial, and to proceed with the trial thereof in due course. The facts upon which the court refused to proceed with the trial are presented to us substantially, as follows: —

The petitioner Rose commenced an action against several defendants to recover the possession of a tract of land, plaintiff's title being a patent from the United States. The defendants,

answering, among other defenses, set up that the patent was obtained through fraud. This last defense was, on motion, stricken out, on the ground that the patent could not be attacked in that action, and the court set a day for trial as to the other issues. On the day fixed for the trial the defendants moved a continuance, on the ground that they were in possession of the premises by location of mining claims under the laws of the United States; that the patent of the plaintiff had been obtained by fraud, in that the premises being in fact mining ground, were not subject to being patented to plaintiff, the patent being for agricultural land, and that a suit had been commenced (and was then pending) in the proper federal court, by the attorney-general of the United States, for the purpose of having the patent declared fraudulent and set aside. The motion was resisted by the plaintiff, who filed counter-affidavits denying the alleged fraudulent acts. The court granted the motion for a continuance, and made an order continuing the trial of the cause until the further order of the court, or until the determination of the validity of the patent by the United States Court. This order was made May 29, 1884. On the 2d of June, 1884, the court refused to set aside this last order, and refused to set the case down for trial. Thereupon the plaintiff (petitioner here) made application for the writ of mandate.

We think it was competent for the court to continue the cause a reasonable time to abide the determination of the suit in the federal court. If the hearing of that cause shall be unreasonably delayed or postponed, the petitioner will be entitled to have her case in the Superior Court proceeded with; but it does not appear that unreasonable delay has as yet occurred.

Writ denied.

MORRISON, C. J., THORNTON, J., and McKINSTRY, J., concurred.