[S. F. No. 1026.   Department Two.—July 24, 1899.]

JAMES T. BOYD et al., Appellants, v. E. A. HERON et al., Respondents.

STREET RAILROAD CORPORATIONS—CREATION OF BONDED INDEBTED-NESS—LIABILITY OF STOCKHOLDERS.—Bonds issued by a street railroad corporation in part payment for the construction of its railroad, are for the creation of a bonded indebtedness within the provision of section 359 of the Civil Code, requiring the creation of the bonded indebtedness of any corporation to be approved by the vote of two-thirds of the entire capital stock; and in default of such approval no liability is created upon such bonds against the stockholders.

ID.—CONSTRUCTION OF CODE.—Section 456 of the Civil Code permitting railroad corporations to issue bonds in payment of any debts or contracts for constructing or completing their road is to be construed in connection with the general provisions of section 359 of the same code, requiring all corporations to give the stockholders a voice in saying whether or not a bonded indebtedness shall be created or increased.

APPEAL from a judgment of the Superior Court of Alameda County.   S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Adair Welcker, and William H. Fifield, for Appellants.

Samuel Bell McKee, Chickering, Thomas & Gregory, C. H. Wilson, John Yule, and Fitzgerald & Abbott, for Respondents.

HENSHAW, J.—Plaintiffs brought this action against defendants as stockholders of the Consolidated Piedmont Cable Company, a street railroad corporation, for the purpose of enforcing their liability as stockholders for an indebtedness arising

upon ten bonds for a thousand dollars each, issued in part payment for the construction of the company's road. Plaintiffs suffered nonsuit and from the judgment which followed they appeal.

The bonds were issued under authority of sections 456 and 457 of the Civil Code. These sections are under the subtitle of "Railroad Corporations," but by section 510 of the same code their provisions are applicable to street railway corporations.

It was urged with other grounds of nonsuit that no liability was cast upon the stockholders by the issuance of these bonds because the mode of their issuance was unauthorized by law. The contention of the appellants upon this point is that the bonds were duly issued in compliance with the provisions of sections 456 and 457, were issued for a purpose recognized by those sections, and that, though issued in payment of the work of construction, by their issuance a new and original liability was created against the corporation and against those who were stockholders at that time. By respondents it is insisted that the bonds could only be legally issued after compliance with the provisions of section 359 of the Civil Code, that these bonds were not so issued, that the stockholders never assented to the issuance, and that therefore the bonds are void, or that, at the least, no liability against the stockholders on account of the bonds has been created.

This position of respondents we think is sound. The issuance of these bonds was not an increase, but the creation of a bonded indebtedness. Under the provisions of section 359 of the Civil Code the bonded indebtedness of a corporation may be created or increased by a vote of the stockholders representing at least two-thirds of the entire capital stock, at a meeting called by the directors, et cetera. Section 456 of the Civil Code declares that railroad corporations may issue bonds in payment of any debts or contracts for constructing and completing their road, and further authorizes the directors to impose regulations and restrictions upon the issuance. Section 359 is a general section applicable to all corporations, one of the most important provisions of which is to give the stockholders a voice in saying whether or not a bonded indebtedness shall be created or increased. No reason is perceived why railroad corporations

should be relieved from the operation of this salutary provision. It does not thereby follow that section 456 is void, but that it is to be construed with section 359, as was done in the case of *Market Street Ry. Co. v. Hellman,* 109 Cal. 571-94. Therein it is said that section 359 "provides the method by which the bonded indebtedness of all corporations is to be created or increased," while section 456 confers upon railroad corporations the power to create such an indebtedness. Construing these sections together, then, under section 456, the directors may prescribe reasonable regulations which shall govern the proposed bond issue, but before the issue can be legally made, the assent of the required number of stockholders thereto must be had in compliance with the mode laid down in section 359.

In *McLane v. Placerville etc. R. R. Co.,* 66 Cal. 606, the provisions of the statute under which those railroad bonds were issued were substantially identical with the terms of section 456 of the Civil Code. The legality of the bond issue in that case was upheld, but at that time there was not upon our books any such statutory provision as is found in section 359 of the Civil Code.

Whether or not the bonds are void, so as to cast no liability upon the corporation, we are not here called upon to consider; but we think it quite plain that those who were stockholders at the time of the bond issue may be heard to say that because of the irregularity of the issue, and of their deprivation of an important right to vote upon the bond issue, no liability against them has been created.

The judgment appealed from is therefore affirmed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.