[Sac. No. 740.  In Bank. — September 7, 1901.]

THOMAS R. SMITH, Respondent, v. E. F. SMITH et al., Appellants.

QUIETING TITLE — HOMESTEAD — SALE FOR ALIMONY — DEEDS — APPEAL BY DIVORCED HUSBAND — EVIDENCE. — In an action brought by a divorced husband to quiet his title to a homestead declared upon community property which had been sold by the divorced wife under an execution for alimony, to which action the purchaser at the sale, and the grantees of the interest of the divorced wife in the homestead, were made defendants, although it appears that the divorced husband had appealed from the judgment of divorce, and from the order granting alimony, the judgment, order, execution deed to the purchaser, and deeds from the divorced wife, are admissible in evidence to show contingent rights in the defendants, which are entitled to be protected by the decree quieting the plaintiff's title.

ID. — RULES AS TO JUDGMENT SUSPENDED BY APPEAL — ABATEMENT — CONTINUANCE — USE AS EVIDENCE. — In order to secure the use, as evidence, of a judgment suspended by appeal, it may, in a proper case, be pleaded in abatement, until it becomes final, when it may be pleaded in bar by supplemental answer. A better mode to avoid an unjust conclusion, in general, is to move for a continuance until the suspended judgment can be used as evidence. But, without regard to these remedies, the rule that, pending an appeal, the judgment cannot be used as evidence to establish the right adjudicated, or to show an estoppel by judgment, does not operate to preclude its use as evidence to establish an indirect or contingent right in the defendants sued in an action to quiet title, to which right the decree for the plaintiff must be subject.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Elliott & Elliott, Theodore Elliott, and J. B. Webster, for Appellants.

J. G. Swinnerton, for Respondent.

TEMPLE, J.— This is an action to quiet title, and the material facts, very generally and briefly stated, are: Mary E. Smith, wife of plaintiff, brought suit for divorce against him. She obtained a decree granting the divorce, and two thirds of the community property, which consisted of a homestead. She also obtained an order for alimony, to enforce which an execution was issued, and after the decree was entered, was levied upon the interest of plaintiff in what had been, prior to the decree, the homestead. A sale was had under the execution, and defendant Elliott became the purchaser and has obtained a deed from the sheriff. The plaintiff appealed from the decree granting the divorce and from the order granting alimony. Afterwards, Mary E. Smith conveyed her title to the homestead to E. F. and Estella Smith, and then, the appeals being still undisposed of, died. This suit was then commenced by plaintiff to quiet his title to the homestead, and it was brought to trial while the appeals were still pending and undecided.

The trial court refused to receive in evidence the deed from Mary E. Smith to defendants, because the appeal suspended the operation of the judgment, and also entered judgment for plaintiff, wherein he adjudged " that defendants, and each of them, are hereby perpetually enjoined and restrained from hereafter asserting any right, title, or claim against plaintiff to said property, or any part thereof."

The correctness of the ruling excluding the evidence and entering the judgment are the matters presented on this appeal.

The question here involved is not new, but has been much discussed, and the decisions are not in accord. (See Freeman on Judgments, sec. 328.) In this state it has been held that a judgment, pending the appeal, cannot be used as an estoppel, but in many states the opposite is held. Either rule presents difficulties. If the suspended judgment cannot be used as

evidence, then in other suits, in which such rights could not be tried as an original issue, as here, a bar may be obtained which would deprive the party of the fruits of his litigation in the case on appeal. If such judgment can be used, then the party may in other suits, where the suspended judgment would be evidence, obtain judgments which, when the appeal was finally determined, it would appear, he ought not to have. And in either case such other judgments, obtained through the use of, or suffered through not being able to use, the judgment which is on appeal, could not be reversed, for in either case the ruling would be correct.

It is contended that the rule in this state is, that, pending the appeal, the judgment cannot be used as evidence for any purpose whatever. A rule so general and absolute would manifestly be unreasonable, and goes much beyond the decisions. The rule is, simply, that one cannot avail himself of an adjudication establishing a right while the judgment is suspended by an appeal. In *Woodbury* v. *Bowman*, 13 Cal. 635, it is merely said: "The appeal having suspended the operation of the judgment for all purposes, it was not evidence in the question at issue, even between the parties to it." The attempt was to show an estoppel by the judgment. This was to enforce the suspended judgment. So far as they are used to determine questions of title, judgments are enforceable in no other way. A judgment merely quieting title cannot be enforced by execution. The ruling therefore was, as already said, merely, that a judgment, while suspended by an appeal, cannot be enforced.

The same explanation applies to the other citations. In *Harris* v. *Barnhart*, 97 Cal. 546, it is said that the true course of a defendant in such a case is, to plead the pending of the former suit in abatement "until the judgment therein became final, when a supplemental answer averring the proper facts in bar of the action would be in order." It is evident that such a plea would not in every case be available. The plea of another suit pending will be sustained only when the plaintiffs are the same (*Felch* v. *Beaudry*, 40 Cal. 439), and when the cause of action is the same in each suit,—when, in fact, the same evidence would support the judgment in each case. (*Montgomery* v. *Harrington*, 58 Cal. 270.)

A much better mode to secure the benefit of the evidence, and to avoid a conclusion which may prove unjust, is to move

for a continuance, as suggested in *Rose* v. *Superior Court*, 65 Cal. 570, and *Brown* v. *Campbell*, 100 Cal. 635.[1]

In this case the defendants could not have successfully interposed the plea of another action pending, and they did not ask for a continuance. They can only get such relief, therefore, as they could show themselves entitled to while the judgment in the divorce suit was so suspended that it could not be received as evidence that the matters involved in it had been finally adjudicated. I think even then the defendants had rights which could have been, and which ought to have been, preserved for them.

The action is to quiet title. In such case the defendant is required to set up any title or right, in law or equity, which he has, or claims to have, in the premises involved, that the court may determine their value. If, then, such defendant has a contingent or inchoate right, the value of which must be determined in another proceeding, or which depends upon a contingency, the title of plaintiff should be quieted, subject to such claim. If the court cannot, though all the facts are shown, determine the value or validity of such claim, either because the jurisdiction was vested elsewhere, or because the claims were contingent, it should set out the nature of the claims and refuse further to quiet the title as to them. A right which is contingent upon an event not at the time of the trial determinable can be adjudged in no other way. And I think it follows from what has been said, that to allow proof of the judgment in divorce, and of the order granting alimony, and of the appeal for the purpose indicated, in no way conflicts with the line of authorities cited. It in no way tends to enforce the judgment which has been suspended by the appeal.

The question was raised at the trial by objecting to the introduction of the deed from Mary E. Smith to defendants E. F. and Estella Smith, it being objected that the deed was immaterial, because, as had been shown, appeals had been taken and were then pending, both from the order and the judgment. The objection was sustained and exception noted. It follows from the foregoing that the ruling was erroneous.

Judgment and order reversed and new trial ordered.

McFarland, J., Van Dyke, J., Garoutte, J., Harrison, J., Henshaw, J., and Beatty, C. J., concurred.

---

[1] 38 Am. St. Rep. 314.