[Civ. No. 3913. First Appellate District, Division Two.—December 2, 1921.]

FRESNO INVESTMENT COMPANY (a Corporation), Respondent, v. L. S. RUSSELL, Appellant.

[1] FORECLOSURE OF MORTGAGE—PENDENCY OF ANOTHER ACTION—INSUFFICIENT PLEA IN ABATEMENT—DIFFERENT CAUSE OF ACTION—ADDITIONAL PARTIES.—In an action for the foreclosure of a mortgage, a plea in abatement based on another action pending is not well founded, where such other action is one to cancel the note and mortgage for fraud and the plaintiff in the foreclosure action is but one of the defendants therein.

APPEAL from a judgment of the Superior Court of Fresno County. M. F. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Collins & Collins and Savage & Lovejoy for Appellant.

Frank Kauke and Frank L. Simons for Respondent.

STURTEVANT, J.—This is an action brought to foreclose a mortgage; the plaintiff had judgment and the defendant appealed. The plaintiff's complaint is in the ordinary form to foreclose a mortgage. The note and mortgage therein set forth are the note for $198.93 and the mortgage securing the same which are referred to in the opinion this day filed, *Russell* v. *Penniston et al., ante,* p. 492 [203 Pac. 813]. In his answer the defendant Russell set forth certain denials. Then, as his first affirmative defense, he alleged, in slightly different language and in a consolidated form, the allegations set forth in the first count and the second count of the complaint in *Russell* v. *Penniston, supra,* and added the further averments that the note and mortgage were given to secure the payment falling due in October, 1919, and not otherwise. The defendant then pleaded in abatement the pendency of that case, *Russell* v. *Penniston.* The trial court tried the instant case at the same time with the case entitled *Russell* v. *Penniston, supra.* Thereafter it made findings in which all of the material allegations were found in favor of the plaintiff and judgment was entered accord-

ingly.   **[1]**   At this time the appellant specially presents his plea in abatement based on another action pending.   It will be noted that the plaintiff in this action was one, and only one, of the defendants in the other case.   It will be noted also that this case is an action to foreclose a mortgage, and that the other case, *Russell* v. *Penniston,* is not an action to foreclose a mortgage, but that it is an action sounding in fraud and to cancel the note and mortgage which this action is brought to foreclose.   Section 430 of the Code of Civil Procedure provides that a defendant may demur, "  . . . 3. That there is another action pending between the same parties *for the same cause* . . . "   Section 433 of the Code of Civil Procedure provides: "When any of the matters enumerated in section 430 do not appear upon the face of the complaint, the objection may be taken by answer."   Such is the language of the code concerning this plea in abatement.   The principle on which the plea is sustained is that the law will not permit a defendant to be harassed and oppressed by two actions for the same cause where the plaintiff has a complete remedy by one action.   But, in the instant case, one of the harassing actions complained of was commenced by the appellant.   In the case of *Smith* v. *Smith,* 134 Cal. 117, at page 119 [66 Pac. 81, 82], the court said: "The plea of another suit pending will be sustained only when the plaintiffs are the same (*Felch* v. *Beaudry,* 40 Cal. 439), and when the cause of action is the same in each suit—when, in fact, the same evidence would support the judgment in each case."   (See, also, *Vance* v. *Olinger,* 27 Cal. 358, 359; *Montgomery* v. *Harrington,* 58 Cal. 270, 274; *Martin* v. *Splivalo,* 69 Cal. 611, 615 [11 Pac. 484]; *Hall* v. *Susskind,* 109 Cal. 203, 205 [41 Pac. 1012].)   It is clear that the defendant's plea was not well founded.

The other points pertinent to any issue made on this appeal have been disposed of in the opinion in *Russell* v. *Penniston, supra.*

We find no error in the record.   The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.