[Civ. No. 3913.  First Appellate District, Division Two.—December 2, 1921.]

## L. S. RUSSELL, Appellant, v. T. H. PENNISTON et al., Respondents.

[1] SALES—FRAUD—DEFAULT—FINDING—EVIDENCE.—In this action for the cancellation of a conditional sales contract, for the recovery of moneys paid thereunder and for the cancellation of a note and mortgage given for an installment payment, on the ground of alleged misrepresentations as to the ownership of the property, the findings in favor of the defendant and cross-complainant as to the alleged fraud and as to the defaults in payments are supported by the evidence.

[2] CONTRACT—BREACH OF IMPLIED WARRANTY—RIGHT OF RECOVERY—FREEDOM FROM DEFAULT.—A defaulting party cannot maintain an action for breach of an implied warranty.

[3] RESCISSION—DEFAULTING PARTY.—Rescission of a contract cannot be made by a party who is in default.

[4] ID.—COMPLIANCE WITH CODE.—Compliance with the provisions of section 1691 of the Civil Code is essential to rescission.

APPEAL from a judgment of the Superior Court of Fresno County. M. F. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Collins & Collins and Savage & Lovejoy for Appellant.

Frank Kauke and Frank L. Simons for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover damages for alleged fraud. The Fresno Investment Company appeared and answered and filed a cross-complaint. The parties stipulated that the answer of the Fresno Investment Company stand as the answer of the defendant Penniston, and that the allegations of the cross-complaint be considered as denied. A trial was had by the court sitting without a jury, judgment went for the defendants, and the plaintiff has appealed. The appellant claims that the findings made by the trial court are not supported by the evidence. In this contention we think that the appellant is entirely in error. To make that remark clear it becomes necessary to state the issues and the findings made thereon. In his complaint the appellant inserted two counts. The first count has reference to an automobile truck and the second count has reference to an automobile trailer. The allegations of the second count are parallel with the allegations in the first count. The allegations of the first count are, among other things, that on the twenty-fifth day of August, 1919, the defendant Penniston represented that he was the owner of the truck; that relying upon such representation the plaintiff purchased the truck under a conditional sales contract which is attached as an exhibit and which appears on its face to be a contract to buy and sell, which provides for certain deferred payments including $200 for the month of November, and $200 for the month of December, and which provides that the title is to remain in the seller until the truck is fully paid for; that the plaintiff believed, relied on, and acted on said representations; that Penniston was not at said time the owner but that George B. Henderson was such owner; that plaintiff made installment payments aggregating $381.79; that on the twenty-sixth day of August, 1919, the defendant Penniston assigned the contract to the defendant Fresno Investment Company. That to secure an installment falling due in October, 1919, the plaintiff executed to the Fresno Investment Company his note in the sum of $198.93, and a mortgage to secure the same; that on the third day of January, 1920, the said George B. Henderson asserted his title to the truck, and that the plaintiff called upon the defendant Penniston to defend the plaintiff's title and that Penniston has refused and neglected to do so; that the

plaintiff has done and performed all things, etc.; that on or about the twelfth day of January, 1920, the plaintiff rescinded the contract of purchase and demanded his moneys back and the cancellation of the note and mortgage. Similar allegations are in the complaint as to the trailer. The complaint prays that the contract to purchase be canceled; that the plaintiff recover $381.79 moneys paid and that his note and mortgage for $198.93 be surrendered and canceled. The cross-complaint by appropriate allegations among other things sets forth the nonpayment of certain installments and asks judgment for the amount of the unpaid installments. The trial court made findings in defendants' favor. It found, "That neither at nor prior to the execution of said contracts were there any express representations, promises, or statements by the said T. H. Penniston relative to said truck and trailer or either thereof, or relative to the ownership thereof." As to what transpired when Henderson made his claim, the court found, "That the plaintiff thereupon informed the said Fresno Investment Company that the said demand had been made by the said George B. Henderson and that the said plaintiff had delivered the said truck and trailer to the said George B. Henderson, but said plaintiff did not demand of the said T. H. Penniston, nor of the said Fresno Investment Company, that he, it, or they, defend the title to said truck or trailer; but the said Fresno Investment Company did thereupon begin proceedings to recover for the plaintiff the said truck and trailer, and the said Fresno Investment Company did recover same from the said George B. Henderson and, without delay after regaining possession of said truck and trailer, to wit, on or about the third day of February, 1920, the said Fresno Investment Company requested the plaintiff to take and receive said truck and trailer and to pay the amounts then due and unpaid as installments on the aforesaid contracts so made by the plaintiff and which had been so assigned to and were held and owned by said Fresno Investment Company." The court also found "on November 25, 1919, other installments of principal, amounting to $240, became due to the said Fresno Investment Company on said contract, and on December 25, 1919, other and further installments amounting to $240 became due to the said Fresno Investment Company on said contract," and that

they have not been paid. Again, it found, ''That the plaintiff never rescinded said contracts, or either thereof, nor did he notify the Fresno Investment Company of any rescission or claim of rescission on his part.''

[1] As to the above finding on fraud the evidence is all in favor of the defendants. The same remark is true as to the finding as to plaintiff's default regarding payments. As to the finding regarding rescission it may be said that the evidence is conflicting but there is substantial evidence in the record to support that finding and each and every other finding made by the trial court.

[2] The appellant now asserts that in drawing his pleading he was relying upon the benefit of an implied warranty. (Civ. Code, sec. 1765.) If we view his pleading from that angle he is not entitled to recover. Standing on his contract together with the implied warranty read into it, he was not entitled to maintain an action upon the contract except, that he alleged in his complaint and proved at the trial, that he had performed on his part. As shown above he was decidedly in default in November and December of 1919, and remained in default down to the time that he commenced this action. [3] Neither was the plaintiff entitled to a judgment in rescission because he was in default at the time he claimed he attempted to rescind. (*Fairchild etc. Co.* v. *Southern etc. Co.*, 158 Cal. 264, 273 [110 Pac. 951].) [4] Furthermore, he was not entitled to rescind except that he complied with the provisions of section 1691 of the Civil Code, and the findings are to the effect that he did not do so.

By reason of the conclusions which we have reached, and which we have stated above, it is not necessary to touch on many of the other matters contained in the briefs.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.