[Civ. No. 6670. First. Appellate District, Division One.—January 9, 1930.]

W. V. STOLTE, Respondent, v. OLIVER KEHRLEIN et al., Appellants.

John G. Robertson for Appellants.

Joseph A. Brown and F. A. Anderson for Respondent.

TYLER, P. J.—Action upon a stockholder's liability for corporate debts. On November 4, 1916, the Franklin Amusement Corporation was incorporated with an authorized capital stock of $50,000, divided into 5,000 shares of the par value of $10 each. On November 15, 1916, a permit was obtained from the commissioner of corporations, authorizing the issuance of 2,800 of these shares. About the

year 1919 the shares so issued were purchased by appellants and Emil Kehrlein, Jr. On September 28, 1923, the Kehrleins entered into an agreement with J. M. Maurer, George W. Tatterson and L. B. Gross, to sell all the assets and property of the corporation to them and to transfer the 2,800 shares of issued stock. The unissued stock, consisting of the remaining 2,200 shares formed part of the consideration of the sale, and they were also transferred to the purchasers. Subsequently, on October 14, 1923, the purchasers took possession of the Franklin Theatre, the property of the corporation, and operated the same for a period of some twenty weeks, after which they surrendered the property to the sellers, the Kehrleins, and served them with a notice of rescission, claiming that they had been defrauded. Demand was made for a return of the consideration paid and certain other sums expended and lost by reason of alleged fraudulent misrepresentations. Thereafter the purchasers brought an action and recovered judgment against the sellers, which judgment was subsequently affirmed by this court (*Tatterson* v. *Kehrlein,* 88 Cal. App. 34 [263 Pac. 285]).

In the present action plaintiff sued both the sellers and the buyers on a stockholder's liability for obligations incurred during the interim the theater was operated and managed by the purchasers. Judgment was rendered in favor of plaintiff and against the Kehrleins only, and in favor of the co-defendants, Gross, Maurer and Tatterson, the purchasers.

Appellants here claim that they are not liable for bills incurred by the Franklin Amusement Corporation while it was being managed by the purchasers, as they were not stockholders during the period the obligations were incurred and had no authority or power, and did not incur the obligations, or bind the corporation for the same. In *Tatterson* v. *Kehrlein, supra,* this court held the contract of sale between the parties to be absolutely void for the reason that it violated the Corporate Securities Act, in that part of the consideration consisting of 2,200 shares of stock in the corporation were never authorized to be issued by the commissioner of corporations. It being a void transaction, no title ever passed, and appellants were therefore at all times the sole stockholders. No question of estoppel is

herein involved, the creditors being satisfied with the judgment against the Kehrleins alone. Moreover, when an issue of stock is wholly without consideration, the principle of estoppel does not apply. (*Knowles* v. *Sandercock*, 107 Cal. 629, 631 [40 Pac. 1047]; *Honn* v. *Hamer*, 81 Cal. App. 276 [253 Pac. 336].) It has also been held in this state that one who holds under an invalid issue is not subject to a stockholder's liability. (*Boyd* v. *Heron*, 125 Cal. 453 [58 Pac. 64].)

We are of the opinion that the same principle applies to one, who, as here, has purchased stock through fraudulent inducements and particularly so where no question is raised by the creditors as to the question of estoppel. (Helliwell on Stockholders, sec. 459.) The contract being a void transaction from its inception, no title ever passed to the purchasers, and appellants were therefore at all times the sole stockholders of the corporation, and as such they were liable for its debts.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.