[Civ. No. 8673. First Appellate District, Division Two.—May 12, 1933.]

L. A. ECKERT, Appellant, v. D. J. GRAHAM et al., Respondents.

tum Suden and tum Suden for Appellant.

Ackerman, Wayland & Mathews for Respondents.

SPENCE, J.—Plaintiff was the assignee of C. F. Colmar and Cyclops Iron Works. Plaintiff's assignors were creditors of the Vulcan Iron Works, a corporation. This action was brought to recover against the defendants as stockholders of the last-named corporation. The cause was tried by the court sitting without a jury and, from a judgment in favor of defendants, plaintiff appeals.

In 1926, the defendants herein were the owners of practically all of the outstanding stock of the Vulcan Iron Works, a corporation. In September, 1926, plaintiff's assignor, C. F. Colmar, entered into an agreement with defendants whereby he purchased the stock of said defendants for the sum of $25,000. The stock was transferred into the name of C. F. Colmar and was placed in escrow pending the completion of the payments therefor. The payments were made as agreed, but subsequently C. F. Colmar rescinded the sale because of alleged fraudulent representations and brought an action to enforce the rescission and recover the purchase price paid. Said action was entitled *C. F. Colmar, Plaintiff,* v. *M. E. Pinckard, Defendant,* and was numbered action 183066 in the Superior Court of the City and County of San Francisco. Upon the first trial of said action in one of the departments of said court, plaintiff therein recovered judgment, but a motion for new trial was thereafter granted. Upon the second trial of said

action in another department of said court, the trial court indicated that judgment would be entered in favor of the defendant therein, but no findings or judgment were signed or entered. Said action is still pending and the question of whether said Colmar was entitled to rescind and the question of the ownership of said stock as between said C. F. Colmar and defendant M. E. Pinckard has never been finally determined therein.

While the above-mentioned action was pending, said C. F. Colmar and Cyclops Iron Works assigned to plaintiff herein their claims arising out of the indebtedness of the Vulcan Iron Works. In order to avoid the running of the statute of limitations, plaintiff brought this action against defendants herein in the Superior Court of the City and County of San Francisco, being action numbered 212315, claiming that defendants were the owners of the stock and seeking to recover against them on their liability as stockholders. The complaint was in the customary form of a complaint to enforce stockholders' liability and the action was brought upon the theory that as said C. F. Colmar had rightfully rescinded the sale of the stock, the status of the parties was the same as though no sale had occurred and defendants were therefore at all times the owners of the stock and liable as such stockholders. (*Stolte* v. *Kehrlein,* 103 Cal. App. 128 [284 Pac. 221].) Defendant Pinckard by his answer admitted the ownership of most of the stock up to September 20, 1926, but alleged that at said time defendants sold the stock to said C. F. Colmar. Said defendant denied the ownership of any of the stock by any of the defendants after September 20, 1926. It was further alleged that said C. F. Colmar had commenced an action in said court against said defendant, being action numbered 183066. A copy of the complaint in said last-mentioned action was attached to said defendants' answer herein as an exhibit and it was alleged that "said action is now on trial".

Plaintiff herein did not attempt to bring the present action to trial pending the outcome of action numbered 183066, but defendant Pinckard proceeded to do so. Plaintiff thereupon made a motion to drop the cause from the calendar pending the outcome of the other action, but his motion was denied. Plaintiff thereafter on the day set for trial made a motion for a continuance based upon the pen-

dency of the other action, but this motion was likewise denied. Upon the trial of the cause the trial court refused to admit evidence relating to the rescission of the sale and refused to permit plaintiff to amend his complaint to specifically set forth said rescission. Thereupon plaintiff again renewed his motion for a continuance, which was again denied. In the course of the argument on the various motions the trial court seems to have treated the situation as one in which a final judgment adverse to plaintiff had been entered in the other action, whereas no findings or judgment had as yet been entered on the second trial of said action. The trial court asked, ''Do you want me to decide it again? . . . It seems to me it would be idle to take up an amended complaint which deals with the same issue again.'' Following the rulings denying the motions for continuance, refusing admission to the evidence of rescission and refusing leave to amend, the trial court entered judgment in favor of defendants upon the evidence which showed that defendants had sold their stock to plaintiff's assignor on September 20, 1926.

■ Appellant contends that the trial court's rulings constituted an abuse of discretion under the circumstances and that appellant was thereby prevented from having a trial upon the merits. In our opinion this contention must be sustained. While the trial court has a wide discretion in acting upon motions for continuances and in acting upon motions for leave to amend, such discretion may not be arbitrarily exercised. We have found no authority directly in point on the situation before us, but the authorities which we have examined indicate that the continuance should have been granted. (*Houghton* v. *Superior Court,* 187 Cal. 661 [203 Pac. 765]; *Baker* v. *Eilers Music Co.,* 175 Cal. 657 [166 Pac. 1008]; *Greer* v. *Greer,* 142 Cal. 525 [77 Pac. 1106]; *Smith* v. *Smith,* 134 Cal. 117 [66 Pac. 81]; *Smith* v. *Jones,* 128 Cal. 14 [60 Pac. 466]; *Macomber* v. *Bigelow,* 123 Cal. 532 [56 Pac. 449]; *Brown* v. *Campbell,* 100 Cal. 635 [35 Pac. 433, 38 Am. St. Rep. 314]; *Rose* v. *Superior Court,* 65 Cal. 570 [4 Pac. 577]; 5 Cal. Jur. 985, sec. 14.) ■ In any event if the trial court saw fit for any reason to deny the continuance, it should have permitted a hearing of the cause upon the merits and to that end it should have permitted appellant to amend his pleadings, if such amend-

ment was deemed necessary. The course pursued by the trial court prevented appellant from having any real determination for the purposes of this action of the vital issue of the ownership of the stock at the time in question and in our opinion the rulings complained of constituted an abuse of the trial court's discretion.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.