[Civ. No. 5437. Third Appellate District.—December 24, 1935.]

BEN R. BRAINARD et al., Respondents, v. FRANCES E. WHITMAN, Appellant.

Porter C. Blackburn for Appellant.

W. C. Petchner for Respondents.

JAMISON, J., *pro tem.*—Plaintiffs commenced this action to foreclose a mortgage executed to them by defendant Frances E. Whitman, the complaint therein containing the

usual allegations in a foreclosure proceeding. Defendant Frances E. Whitman answered, setting up two defenses in said complaint.

Plaintiffs filed a general demurrer to said answer, which was sustained and said defendant was given leave to amend her answer. Said defendant having failed and refused to amend her answer, judgment was rendered against her, foreclosing the mortgage, and from this judgment she has appealed.

The first of said separate defenses alleges that Ben R. Brainard, one of the respondents, unlawfully entered upon the mortgaged premises and posted a notice warning all persons to refrain from wrecking or removing any of the buildings thereon until the mortgage has been fully satisfied. It is further alleged in said separate answer that said defendant had contracted to sell to one in possession of land upon which said notice was posted, being a part of said mortgaged premises, but, by reason of the posting of said notice the said party refused to purchase said land, and that others have refused to purchase any of the said mortgaged premises by reason of said notice, and by reason of verbal statements of said respondent that the mortgaged premises were not clear, all to appellant's damage in the sum of $10,000.

The allegations of this separate defense constituted no defense to respondents' action. The prospective purchasers of portions of the mortgaged property had constructive notice of the existence of the mortgage. The mortgage was executed on August 31, 1928, and a few days thereafter was recorded.

The mortgagee was given the right by the terms of the mortgage to enter upon the mortgaged property to protect the security and his entry upon the mortgaged property, when in his opinion a necessity arose to protect the security, was not a trespass. The second separate defense attempts to set forth a plea in abatement. It merely alleges "that there is now pending and undisposed of a condemnation suit to condemn part of the land described in said mortgage herein and owned by the said answering defendant, and that said action has not been tried and that plaintiffs are defendants in said action".

A plea of another action pending will be sustained only when the plaintiffs are the same, and when the cause of action is the same in each suit. (*Smith* v. *Smith*, 134 Cal. 117 [66

Pac. 81]; *Felch* v. *Beaudry*, 40 Cal. 439; *Fresno Investment Co.* v. *Russell*, 55 Cal. App. 496 [203 Pac. 815].)

There is no showing that the former action involved the same issues, the same properties, the same parties and the same remedies, and therefore the pendency of one would not be a defense to the maintenance of the other. (*Capuccio* v. *Caire*, 189 Cal. 514 [209 Pac. 367].)

We are of the opinion that this separate answer failed to state facts sufficient to constitute a defense and therefore the judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.